## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Hon. Kevin McNulty |
| GORDON J. COBURN and STEVEN E. SCHWARTZ | Crim. No. 19-cr-120 (KM-MAH) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT GORDON J. COBURN'S
## MOTION TO COMPEL DISCOVERY

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..............................................................................1

BACKGROUND ................................................................................................2

    I.    THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE *BRADY* AND RULE 16 MATERIALS IN THE POSSESSION OF ITS JOINT INVESTIGATION PARTNER, THE SEC ........................................................................................2

        A.    *Brady* Obligation........................................................................3

        B.    Rule 16 Obligation.....................................................................4

        C.    DOJ and the SEC Conducted A Joint Investigation .................5

    II.    THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE EVIDENCE ABOUT OTHER COGNIZANT CORRUPT PAYMENTS ....................................................................7

    III.    THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE EXPERT INFORMATION AND REPORTS................10

    IV.    THE GOVERNMENT SHOULD BE ORDERED TO CURE VARIOUS TECHNICAL DEFICIENCIES IN ITS PRODUCTION ...............................................................................11

    V.    THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE IMPEACHMENT EVIDENCE CONCERNING ANY POTENTIAL GOVERNMENT WITNESS............................12

CONCLUSION ................................................................................................16

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Giglio v. United States*,
    405 U.S. 150 (1972)............................................................................12

*Kyles v. Whitley*,
    514 U.S. 419 (1995)..............................................................................3

*United States v. Blumberg*,
    No. 14-cr-458 (D. N.J. March 23, 2015) ...............................................3

*United States v. Briggs*,
    No. 10-cr-184-S, 2011 WL 4017886 (W.D.N.Y. Sept. 8, 2011) ......................11

*United States v. Friedman*,
    658 F.3d 342 (3d Cir. 2011) ...............................................................12

*United States v. Gupta*,
    848 F Supp. 2d 491 (S.D.N.Y. 2012) ......................................3, 4, 5, 6

*United States v. Kerr*,
    No. 11-cr-188, 2012 WL 3929380 (W.D. Pa. Sept. 7, 2012)............................12

*United States v. Martoma*,
    990 F. Supp. 2d 458 (S.D.N.Y. 2104) ...................................................3

*United States v. O'Keefe*,
    537 F. Supp. 2d 14 (D. D.C. 2008)....................................................11

*United States v. Perdomo*,
    929 F.2d 967 (3d Cir. 1991) ................................................................4

*United States v. Reyeros*,
    537 F.3d 270 (3d Cir. 2008) ................................................................3

## TABLE OF AUTHORITIES
### (continued)

**Page**

*United States v. Rigas*,
   779 F. Supp. 2d 408 (M.D. Pa. 2011)...................................................5

*United States v. Risha*,
   445 F.3d 298 (3d Cir. 2006) ....................................................4

*United States v. Starusko*,
   729 F.2d 256 (3d Cir. 1984) ...........................................12

**OTHER AUTHORITIES**

Fed. R. Crim. P. 16(a)(1)(E) ...........................................4, 11

F.R.E. 608 ....................................................................9, 14

D.N.J, Order 15-2, In Re: Criminal Trial Scheduling and Discovery ....................13

## PRELIMINARY STATEMENT

This is a complex case that has involved the production of voluminous documents. Since the government completed its production, counsel for Mr. Coburn and Mr. Schwartz have reviewed over 800,000 pages of documents and privilege logs that contain over 7,900 entries. Through that review, counsel identified categories of information that appear to be missing or incomplete. Discussions with the government resolved several of the discovery issues, but not all of them.

There are three categories of documents that the government has either not produced or has refused to acknowledge whether it has produced: (1) *Brady* and Rule 16 materials in the possession of its joint investigation partner, the Securities and Exchange Commission ("SEC"); (2) evidence in the government's actual or constructive possession about other Cognizant Technology Solutions Corporation ("Cognizant") corrupt payments ; and (3) expert information, reports, and written summaries of expert testimony. The government should be ordered to produce these three categories of documents within 14 days of the court's order. The government should also be ordered to cure various technical deficiencies in its productions and produce impeachment evidence concerning any potential government witness within 21 days of the court's order. Mr. Schwartz joins in this motion.[1]

---

[1] Throughout the motion, we describe how Mr. Coburn is harmed by the government's failures to disclose. Each of these statements apply equally to Mr. Schwartz.

1

## BACKGROUND

Since the government's April 8, 2019 initial discovery production, Mr. Coburn and Mr. Schwartz have pursued their discovery rights and consistently engaged with the government to resolve outstanding issues and disputes. This has required the review of over 800,000 pages of materials produced during the investigation and privilege logs containing over 7,900 entries. Notwithstanding the large volume of documents produced, there are certain gaps in the government's production and several categories of documents for which there is disagreement about discoverability. Counsel for Mr. Coburn and Mr. Schwartz have had numerous telephone calls and exchanged numerous letters with government counsel to resolve these disagreements. The discussions resolved certain issues, but did not resolve others. Despite these discussions, Mr. Coburn and Mr. Schwartz continue to prepare their defenses without evidence to which they are entitled, including certain exculpatory material.

## ARGUMENT

## I.   THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE *BRADY* AND RULE 16 MATERIALS IN THE POSSESSION OF ITS JOINT INVESTIGATION PARTNER, THE SEC.

On October 3, 2019, Mr. Coburn and Mr. Schwartz requested confirmation that DOJ had searched the SEC's files for *Brady* and Rule 16 materials. *See* Ex. A. DOJ did not respond to this request. This Court should order DOJ to confirm that it

has already produced *Brady* and Rule 16 materials that are in the SEC's possession. If DOJ has not already produced such materials, it should be compelled to do so.

### A.   *Brady* Obligation

The prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case[.]" *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *see also United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008) (quoting *Kyles*). In the context of a "joint investigation" with another federal agency, "the prosecutor's duty extends to reviewing the materials in the possession of that other agency for *Brady* evidence." *United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012); *see also United States v. Martoma*, 990 F. Supp. 2d 458, 460, 462 (S.D.N.Y. 2104) (holding that USAO and the SEC conducted a joint investigation and USAO's obligations to produce relevant communications extended to documents in the sole possession of the SEC); Order at 7, *United States v. Blumberg*, No. 14-cr-458, (D.N.J. March 23, 2015), ECF No. 69 (finding "that the Government's obligation to produce any *Brady* material extends to all non-privileged documents arising from the Government and the SEC's joint factual investigation . . . and, as such, the Government has an obligation to review the documents arising from those joint efforts to determine whether there is *Brady* material that must be disclosed."). "Joint fact-gathering," including participation in joint witness interviews, constitutes a joint investigation for *Brady* purposes, *see*

*Gupta*, 848 F. Supp. 2d at 494, and "where the investigation is conducted jointly, the Government is charged with reviewing all documents and information connected to that joint investigation and disclosing any exculpatory information." *Id*. at 495. The extent of the government's obligation is defined by the scope of the joint investigation—i.e., the areas in which DOJ and the other agency "decide to investigate the facts of the case together[.]" *Id*.

### B.    Rule 16 Obligation

In addition to its *Brady* obligations, DOJ is required to review joint investigation files for material subject to discovery under Rule 16. Rule 16 requires the production of documents and information "within the government's possession, custody, or control[.]" Fed. R. Crim. P. 16(a)(1)(E). "In the interests of inherent fairness, the prosecution is obligated to produce certain evidence actually or constructively in its possession or accessible to it." *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991) (internal quotation marks and citation omitted).

In the Third Circuit, the government is deemed to have constructive possession of materials in another entity's files for discovery purposes where: (1) the entity "with knowledge of the information is acting on the government's 'behalf' or is under its 'control;'" (2) the government and the entity "are part of a 'team', are participating in a 'joint investigation', or are sharing resources;" and (3) the government has "ready access" to the evidence. *United States v. Risha*, 445 F.3d

4

298, 304 (3d Cir. 2006); *see also Perdomo*, 929 F.2d at 970 (stating that the government must produce documents that are "readily available" to it).  In *United States v. Rigas*, the district court considered the *Risha* factors in the context of a defense request for SEC notes from a witness interview conducted as part of joint investigation involving DOJ and the SEC.  779 F. Supp.2d 408, 414-15 (M.D. Pa. 2011).  Because the district court found the existence of a joint investigation and could not "think of any reason why [the SEC notes] would not be readily accessible to the Government [and] thus available for disclosure," it ordered DOJ to release the SEC notes to the defendant.  *Id*. at 415.

### C.    DOJ and the SEC Conducted A Joint Investigation

During the investigation that led to the charges in this case, DOJ and the SEC investigated the facts together.  As in *Gupta*, FBI-302s show that DOJ and the SEC conducted joint interviews in more than half of the government interviews memorialized in the FBI-302s that have been produced.[2]  *See Gupta*, 848 F. Supp. 2d at 494.  As a result, the scope of joint investigation known to Mr. Coburn includes, at the very least, these interviews.  The Court should therefore order DOJ to search

---

[2] The 13 interviews in which the FBI-302s reflect joint participation are the interviews of Arnab ("Raj") Ghosh (June 19, 2017), Dana Gilbert (October 5, 2017 and August 7, 2018), Deepa Baburaaj (August 7, 2017), Francisco D'Souza (October 4, 2017), Karen McLoughlin (July 25, 2018), Ramesh Lakshminarayanan (June 20, 2018), Sanjeev Mohan (June 13, 2019), Sridhar Thiruvengadam (August 4, 2017 and September 17, 2018), Srimanikandan ("Mani") Ramamoorthy (February 7, 2017 and April 10, 2018), and Stephen Casari (May 8, 2018).

SEC files relevant to these joint interviews and produce all discoverable documents and information (including any SEC interview memoranda and notes).[3]  *See id.* at 497.

The Court should also order DOJ to search the SEC's files and produce Brady and Rule 16 materials related to all additional tasks that were part of the DOJ and SEC's joint investigation.  It is highly likely that the scope of joint fact gathering by DOJ and the SEC was broader than just the interviews referenced above.  For example, in its press release announcing the Indictment of Mr. Coburn and Mr. Schwartz, DOJ expressed its appreciation for "the significant cooperation provided by the SEC in this case."  *See* Ex. B.  DOJ also announced the Indictment, as well as the Cognizant declination, on the same day that the SEC announced its settlement with Cognizant.  *See id.*; *see also* Ex. C.  This type of coordination—and DOJ's characterization of the SEC's cooperation—certainly suggest that the joint efforts here went beyond joint witness interviews.  Similarly, when the SEC brought its own enforcement action against Mr. Coburn and Mr. Schwartz (one day after DOJ indicted this case), it issued a press release in which it lauded "the assistance of the Justice Department's Fraud Section, the U.S. Attorney's Office for the District of

---

[3] To the extent the SEC, or DOJ by proxy, argues that these materials are protected by the work product doctrine, Mr. Coburn's interest in receiving *Brady* and Rule 16 material to prepare for this criminal case "is a 'substantial need' that overcomes work product protection."  *Gupta*, 848 F. Supp. 2d 496.

New Jersey, and the Federal Bureau of Investigation."

Gaps in DOJ's discovery also beg the question of the scope of the DOJ-SEC joint investigation. In addition to participating in DOJ interviews, the SEC may have participated in meetings during which counsel for Cognizant provided oral downloads concerning witness interviews conducted during Cognizant's internal investigation. Mr. Coburn does not know if this was the case, however, because DOJ's production cover letters concerning these oral summaries, and the undated notes it produced memorializing them, do not indicate who participated in the meetings. There also is no indication in the discovery whether, if the SEC attended these meetings, its participants took notes or generated memoranda or other writings after the fact, or whether the DOJ notes produced to Mr. Coburn were shared with the SEC as part of a joint effort. Moreover, other discovery produced by DOJ leaves Mr. Coburn in the dark with respect to any other aspects of joint fact gathering.

Accordingly, this Court should order DOJ to disclose the scope of its joint investigation with the SEC, certify that it has searched the relevant SEC files for *Brady* and Rule 16 materials, and produce any such materials within 14 days of the court's order.

## II.   THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE EVIDENCE ABOUT OTHER COGNIZANT CORRUPT PAYMENTS.

It is clear from discovery that the government's investigation into Cognizant focused on payments made to government officials in India for various projects

during a time period including several years prior to and after the alleged improper

payment in the Indictment.  For example, in December 2017, the government asked

Cognizant to identify all statutory approval payments and related information

concerning the KITS, Pune, and Siruseri projects.  *See* Ex. D.



Furthermore, in resolving its investigation into Cognizant's alleged improper payment, the SEC specifically referenced eight additional allegedly improper payments that employees of Cognizant authorized or made to government officials in India involving projects in Pune, Siruseri, and six other unnamed "Indian facilities."  The payments were allegedly made between 2012 (two years before the payment alleged in the Indictment) and 2016 (more than one year after the payment alleged in the indictment).

Evidence concerning alleged corrupt payments made by Cognizant is exculpatory and material to the defense in this case.  This Court should order that such evidence be produced to Mr. Coburn and Mr. Schwartz within 14 days of the court's order.

## III.   THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE EXPERT INFORMATION AND REPORTS.

In its initial discovery letter dated April 8, 2019, the government stated that it "has not yet determined whether it will call any expert witnesses during its case-in-chief at trial." Ex. G.  It pledged to produce the required expert records pursuant to Rule 16 (a)(1)(G) if it ultimately decides to call an expert in its case. *See id*.  The government should be compelled to notify Mr. Coburn and Mr. Schwartz whether it will be calling an expert.  If it does plan on calling an expert, the government should be compelled to produce the subject matter(s) on which the expert will opine and a summary of any testimony that DOJ will attempt to elicit from the expert so that Mr. Coburn and Mr. Schwartz can (1) assess, and potentially raise, *Daubert* and other evidentiary challenges; (2) determine whether to retain, and identify, a defense expert(s); and (3) prepare an expert(s) to testify at trial.

The government should be ordered to make these disclosures within 14 days of the court's order.

## IV.   THE GOVERNMENT SHOULD BE ORDERED TO CURE VARIOUS TECHNICAL DEFICIENCIES IN ITS PRODUCTION.

Mr. Coburn has repeatedly requested materials required to cure outstanding issues pertaining to prior government productions, including fixes for technical issues, missing documents and information, and explanations concerning Cognizant privilege logs.  While the parties have worked together to resolve some of these issues, others have not been addressed by the government.  The Court should order the government to resolve the remaining issues within 21 days of the court's order, in order to ensure that Mr. Coburn obtains the materials to which he is entitled, *see, e.g.*, Fed. R. Crim. P. 16(a)(1)(E), and is able to access and make use of the documents.  *See, e.g.*, *United States v. Briggs*, No. 10-cr-184-S, 2011 WL 4017886, at *8, *9 (W.D.N.Y. Sept. 8, 2011) (recognizing that electronic data must be produced "in a reasonably usable form" and ordering government to "reproduce these [electronically stored information] materials in a fashion that defendants can retrieve and manipulate") (internal quotation marks omitted)); *United States v. O'Keefe*, 537 F. Supp.2d 14, 23 (D. D.C. 2008) (same).

There are several categories of specific deficiencies that have yet to be cured.  First, numerous technical issues need to be addressed concerning documents with missing date range metadata or password protection, documents that are unreadable, and reproduced documents for which there is a missing cross-reference file necessary to evaluate whether an issue remains with the relevant documents.

11

Second, Mr. Coburn and Mr. Schwartz have identified a number of documents missing from DOJ productions that need to be produced, and have been unable to identify certain documents referenced in FBI-302s and DOJ notes of interview downloads from counsel for Cognizant based on the discovery produced to date. Third, Mr. Coburn reasserts the specific requests made in Mr. Schwartz's letter dated January 10, 2020, *see* Ex. H, concerning Cognizant privilege logs produced by DOJ, so that the defense can assess the privilege claims made by Cognizant, obtain non-privileged documents, and ensure that no *Brady* material is being withheld—particularly with respect to communications withheld by Cognizant on which Mr. Coburn and Mr. Schwartz are recipients.

The government should be ordered to cure these specific production deficiencies within 21 days of the court's order.

## V.   THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE IMPEACHMENT EVIDENCE CONCERNING ANY POTENTIAL GOVERNMENT WITNESS.

Impeachment material is exculpatory evidence that must be turned over to the defense. *See Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *United States v. Friedman*, 658 F.3d 342, 357 (3d Cir. 2011). Due process requires that this material be turned over in time for it to be used effectively by the defense—and courts in the Third Circuit have repeatedly "encouraged adherence to the long-standing policy of promoting the early production of all types of *Brady* material, including

12

impeachment" material.  *United States v. Kerr*, No. 11-cr-188, 2012 WL 3929380, *4 (W.D. Pa. Sept. 7, 2012); *see also United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (stating that "[t]oday, we affirm this court's longstanding policy and applaud the district court's effort to ensure prompt compliance with *Brady*."); D.N.J, Order 15-2, In Re: Criminal Trial Scheduling and Discovery, at ¶ 12 (stating that "[b]oth parties should consider entering into an agreement to provide more information about witness statements and impeachment material than that required by law and to provide that information in advance of the time required by law").

The Court should order the government to produce all impeachment material in its possession at this time.  This includes all information that reflects bias or prejudice against the defendant by any potential government witness; that casts doubt on the credibility or accuracy of any witness or evidence that the government anticipates calling or offering in its case-in-chief; and that evidences any mental or physical impairment of any potential government witness that casts doubt on the ability of the witness to testify accurately and truthfully at trial as to any relevant event.  It also includes any inconsistent statement made orally or in writing by a potential government witness, any statement made orally or in writing by any person that is inconsistent with any statement made orally or in writing by any potential government witness, the criminal records of all potential government witnesses, any prosecutable criminal offense known by the government to have been committed by

13

a potential government witness, and any conduct by a potential government witness that may be admissible under Rule 608 of the Federal Rules of Evidence.

Discovery produced to date establishes the existence of exculpatory information that falls within above-referenced categories, but that DOJ has not produced to Mr. Coburn and Mr. Schwartz.  For example, FBI-302s reflect that interviews of the following 11 witnesses were conducted under proffer agreements during the investigation of this case:



The government has not produced these proffer agreements, other immunity agreements, or any other promises, rewards, or inducements offered or provided to a potential government witness—all of whom were not charged with criminal violations in this case.  In addition, Mr. Coburn has not received any descriptions of prosecutable offenses known to the government, or conduct potentially admissible under Rule 608, that might cause these and other potential government witnesses to need immunity protection.  Nor has the government disclosed criminal records of

14

potential witnesses.   In light of the fact that, according to allegations in the Indictment and the discovery, many of these uncharged potential government witness participated in conduct DOJ alleges to be unlawful, evidence of a potential bias in favor of the government will take on added significance at trial.

The Court should order impeachment evidence to be produced to Mr. Coburn and Mr. Schwartz with 21 days of the court's order.

Additionally, one of DOJ's written summaries of witness statements made to Cognizant counsel during its internal investigation, then shared with DOJ, involves potential government witness P. Ganesh.   DOJ's notes of the interview summary it received from Cognizant counsel states that DOJ was advised that Cognizant counsel "conducted additional interviews of Ganesh beyond those described herein."   Ex. I at 24 n.1.   The notes further explain that "the Government has not received information regarding the additional interviews." *Id*.   There is no reference in DOJ's notes to the date on which DOJ received the summary of P. Ganesh's interview or any explanation of why DOJ did not request and/or receive this additional information at this meeting or at a later time.[4]   If DOJ has information concerning these additional interviews, the Court should order that it be produced; if it does not, the Court should order DOJ to obtain it from Cognizant and produce it to defense

---

[4] Importantly, there is no reference to counsel for CTS asserting privilege or some other protection from disclosure concerning these statements.

counsel within 21 days of the court's order.[5]

## CONCLUSION

For the aforementioned reasons, Mr. Coburn hereby requests that the Court enter the attached proposed order compelling DOJ to produce within 14 days of the court's order: (1) all *Brady* or Rule 16 material in the SEC's files, (2) evidence about other Cognizant corrupt payments, and (3) expert information and reports. Mr. Coburn further requests that the Court compel DOJ to take the following actions within 21 days of the court's order: (1) cure various technical deficiencies in its productions, and (2) produce impeachment evidence concerning any potential government witnesses.

---

[5] To the extent that DOJ does not have physical possession of such records, it has constructive possession under Rule 16. Mr. Coburn will address in a separate motion why DOJ has constructive possession of all Cognizant records related to its internal investigation into this matter. For purposes of this motion, however, we note that DOJ's February 13, 2019 letter to Cognizant declining to file charges against the company states that "Cognizant agrees to continue to fully cooperate in the Department's ongoing investigations and/or prosecutions, including but not limited to the continued provision of any information and making available for interviews and/or testimony those officers, employees, or agents who possess relevant information, as determined in the sole discretion of the Department." Ex. J at 2.

Dated:  March 10, 2020

Respectfully submitted,

/s/ Harold B. Walther
Henry Klehm III
Harold B. Walther
James P. Loonam
Sarah D. Efronson
JONES DAY
250 Vesey Street
New York, NY 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
*Attorneys for Defendant Gordon J.*
*Coburn*

17