UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**GORDON J. COBURN and STEVEN SCHWARTZ,**<br><br>Defendants. | Crim. No. 19-120 (KM)<br><br>**MEMORANDUM ORDER** |

This Order is entered to memorialize rulings in connection with the January 6, 2021 Status Conference before this Court (DE 137), and to dispose of certain outstanding issues.

### I.  *Brady*/SEC Materials

In a prior Memorandum and Order (DE 96), I considered whether materials in the SEC files were subject to the prosecution's obligation to locate and produce *Brady* material. I cited the *Risha* factors:

> [(1) W]hether the party with knowledge of the information is acting on the government's "behalf" or is under its "control"; (2) the extent to which state and federal governments are part of a "team," are participating in a "joint investigation" or are sharing resources; and (3) whether the entity charged with constructive possession has "ready access" to the evidence.

*United States v. Risha,* 445 F.3d 298, 304 (3d Cir. 2006). I discussed all three, but found the second, "team" factor most pertinent to the circumstances of this case. As part of its *Brady* obligations, I held, the prosecution is obligated to review, not all SEC materials, but those arising from the components of the investigation that were conducted jointly by the prosecution and the SEC. *See United States v. Blumberg*, No. 14-cr-458 at DE 69 (D.N.J. March 23, 2015) (citing *United States v. Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012)).

The extent to which the investigation proceeded in joint fashion was not altogether clear from the government's presentation. I granted an evidentiary hearing, stating that it should be relatively brief, and cautioning that the court would not explore the entirety of the investigation. I also stated that if the government obtained and reviewed the relevant SEC material, the matter might be placed on a different footing—the implication being that in such a case, a hearing might not be required.

Counsel for the parties—as has been their salutary practice—then conferred in an attempt to reach an agreed resolution of the issue. There was progress, but not success. As things stand, the defense seeks to subpoena records and has propounded a fairly extensive set of interrogatories concerning the SEC investigation. These, it says, will help place it in a position to determine the proper scope of *Brady* review. The government has reviewed certain categories of documents and made representations as to joint aspects of the investigation, and believes that a hearing, and subpoenas in advance of such a hearing, have thereby been obviated. (*See* DE 126, 127.)

The identification and production of *Brady* material is generally left to the prosecution; the defense is not entitled to a hearing merely to perform its own review or satisfy itself that the prosecution's review process was adequate. The prosecution has been transparent, however, about its legal position that it is not obligated to review SEC records. The Court is not generally required to perform the prosecution's *Brady* review for it, but will provide guidance when a legal dispute arises as to the scope of the material that must be reviewed. Hence my prior decision.

I will not require review of the entire SEC file.[1] I will, in keeping with *Risha, Blumberg,* and *Gupta,* require the government to review all materials

---

1    At the recent conference, I asked the AUSA whether the simplest solution might not be to simply require review of the entire SEC file. (I made it clear that I was not then making such a ruling.) (Tr. at 23–24, DE 137) He replied that the task would be daunting and that he had not consulted internally or with the SEC, and therefore could not volunteer to do such a review. He conceded, however, that "if Your Honor is

arising from joint investigative activities, giving that concept a broad interpretation. I agree with the government that the interrogatories propounded by the defendants are far too broad. (*See* DE 127.) The government has been reasonable in its proposals that followed my prior decision. (DE 126) An evidentiary hearing is not required at this point, because the government has retreated from its legal position and agreed to answer certain questions and review certain categories of documents.[2] I will hold the government to those concessions, expanding their scope somewhat.

I have reviewed the government's letter proffer answering six questions concerning potential areas of investigative cooperation. (*See* DE 126 at pp. 5–7) I will require that the government place in the form of an affidavit, declaration, or certification, from a witness or witnesses with knowledge, its answers to those questions:

> 1. For any witness interviews, attorney proffers, or meetings with counsel for Cognizant Technology Solutions Corp. ("Cognizant") or Larsen and Toubro ("L&T") (collectively "company counsel") that the Government and the SEC did not both attend, did the Government solicit from the SEC, or did the SEC provide to the Government, input relating to the substance of questions, sequencing of questions, or strategy on how to conduct the interview, attorney proffer, or meeting with company counsel?
>
> 2. For any witness interviews, attorney proffers, or meetings with company counsel that the Government and the SEC did not both attend, did the SEC solicit from the Government, or did the Government provide to the SEC, input relating to the substance of

---

inclined to rule that way, then we will do whatever we have to do to comply." (*Id.* at 24).

[2]     As I have observed, the uncovering of investigative cooperation is not an end in itself, but a step in the process of ensuring that exculpatory material comes to light. The case should not be diverted into a collateral minitrial, if it is avoidable. And to a large extent, without any sacrifice of defendants' rights, it is avoidable. A simple order requiring the government to answer certain questions or review certain categories of materials eliminates the necessity of litigating the "cooperative" status of each one. If there is no exculpatory material therein, nothing is lost but some effort; if there is exculpatory material, the cause of justice is served.

> questions, sequencing of questions, or strategy on how to conduct the interview, attorney proffer, or meeting with company counsel?
>
> 3. Did the Government solicit from the SEC, or did the SEC provide to the Government, input relating to whether the Government should obtain certain documents in this case and the method for doing so?
>
> 4. Did the SEC solicit from the Government, or did the Government provide to the SEC, input relating to whether the SEC should obtain certain documents in this case and the method for doing so?
>
> 5. Did the Government solicit from the SEC, or did the SEC provide to the Government, input relating to whether the Government should bring or resolve charges against Cognizant, L&T, or any related individuals, or what those charges or resolutions should be?
>
> 6. Did the SEC solicit from the Government, or did the Government provide to the SEC, input relating to whether the SEC should bring or resolve charges against Cognizant, L&T, or any related individuals, or what those charges or resolutions should be?

(*See* DE 126 at pp. 5–7 (answering questions in letter form).) The sworn answers to those questions, assuming they are identical to those already before the court, do not suggest a basis to expand the scope of review based on investigative cooperation between the prosecution and the SEC beyond the following categories:

> The prosecution shall review the following for *Brady* material:
>
> a) Any notes taken during the 24 witness interviews;
>
> (b) Any internal memoranda, notes, or other summaries generated following any such witness interview concerning the substance of the interview; and
>
> (c) notes taken during, or summarizing the content of, the substance of any meetings with counsel to Cognizant Technology Solutions Corporation ("Cognizant"), Larsen and Toubro Construction ("L&T").

Erring on the side of overinclusiveness, I have opted to delete the prosecution's proposed limitation that the interviews and meetings be ones at which both the prosecution and SEC were physically present.[3] If there is *Brady* material (or material that would be *Brady* if in the prosecution's possession), it surely will reside or be referred to in these locations.

## II. Cognizant Production/Outsourcing

The outsourcing issue is in some ways parallel. Because it involves the activities of private parties, however, it may require more scrutiny.

The Court has already authorized certain subpoenas to Cognizant Technology Solutions Corporation ("Cognizant") regarding the outsourcing issue. The schedule proposed by counsel (DE 129) regarding Cognizant's Rule 17 production schedule is adopted on consent. The parties anticipate briefing any privilege or other issues on the schedule set forth below. If necessary, day to day disputes may be brought to the court's attention for referral to a magistrate judge.

    a. The adopted schedule is as follows:
        i. Cognizant to commence the Production and provide Defendants with an initial tranche of documents by no later than January 8, 2021;
        ii. Cognizant to complete the Production (subject to parameters negotiated with Defendants) by no later than February 19, 2021;
        iii. Cognizant and Defendants to meet and confer and attempt to resolve any open issues concerning the scope of the Production by no later than March 5, 2021;
        iv. Cognizant to provide logs of documents withheld from the Production on privilege and/or work product grounds by

---

[3] In adopting these categories, I do not mean to relieve the government—which is familiar with the full scope of the investigation—from reviewing all materials that in fact arise from the joint components of the investigation. That obligation is self-executing, and ongoing.

       no later than March 19, 2021;

    v. Cognizant and Defendants to meet and confer and attempt to resolve any open issues concerning the Cognizant privilege logs by no later than April 2, 2021; and

    vi. Defendants to advise the Court as to whether they accept the Production as satisfying the Subpoenas by no later than April 9, 2021.

  b. All motions relating to the requests must be submitted by April 23, 2021.

### III. *Brady*/§ 2703 application

Defendants have made a *Brady* request that the government produce a certain application and order for production of communications records issued pursuant to 18 U.S.C. § 2703(d). (*See* DE 121.) The court has reviewed the documents *in camera*. In doing so, I have taken into account the defendants' *ex parte* submissions in which they state their *Brady* theory with respect to a particular individual. I have also considered the government's representation that the evidence underlying the application, as well as the data received in response to the application, have already been made available to the defense. (Tr. 49–50, DE 137) I have determined that the disclosure of the application itself is not required under the *Brady* doctrine, and the application to compel disclosure is therefore **DENIED**.

The government of course has an ongoing obligation to produce any material that takes on exculpatory significance, or that constitutes Jencks/*Giglio* material with respect to a witness.

### IV. Miscellaneous

The parties agreed at the conference that certain issues regarding the L&T subpoena were not yet ripe for decision, but would be presented to the Court if and as necessary.

The government represented that it had preserved agent notes of interviews, and stated that it would respond in writing to the defense query regarding the same.

SO ORDERED this 16th day of February, 2021.

/s/ Kevin McNulty
_____
**Kevin McNulty
United States District Judge**