UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GORDON J. COBURN and STEVEN SCHWARTZ,<br><br>Defendants. | Crim. No. 19-120 (KM)<br><br>MEMORANDUM and ORDER |

This Memorandum and Order are filed in connection with the *ex parte* joint motion (DE 143) of the defendants, Gordon J. Coburn and Steven Schwartz, for the issuance of subpoenas to Cognizant and LT, pursuant to Fed. R. Crim. P. 17(c).

## Scope

A Rule 17 subpoena is not a general discovery device. Defendants must show

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). Those requirements may be shorthanded as "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.*

In an earlier decision (DE 96, 104, 108), I divided the Rule 17(c) requests into category (a) (relating to outsourcing) and category (b) (relating to the merits). The narrow focus of category (a) made it practical to preliminarily review the subpoenas, pre-issuance, for overbreadth, while still allowing that the recipients might also move to quash. As to category (b), I find that approach

less practical. I will therefore authorize issuance of the subpoenas in their proposed form.

It may be anticipated that the subpoenaed parties will have objections to certain of the requests. Such objections, whether under the *Nixon* standard, claims of privilege, or any other basis, may be asserted by motion to quash.

**Sealing**

I will maintain the motion itself under seal, based on expressed concerns about revealing trial strategies, which are articulated therein.

As for the subpoenas themselves, at the time of my earlier decision, I maintained certain matters considered confidential under seal. The need for secrecy in relation to trial strategy, however, is a wasting asset as we proceed to a trial date. I will therefore proceed as follows:

The subpoenas themselves will be maintained under seal for the time being. They will issue and service will be authorized.

The recipients may move to quash on *Nixon*/scope grounds, and may assert claims of privilege. It is possible that the Court will solicit the views of the government. If objections are sustained, however, certain information may never see the light of day, making sealing issues moot. Without having seen such objections, it is difficult for the Court to say any more. At that point, however, reserving the possibility of redaction of privileged or otherwise secret information, I am inclined to disclose the subpoenas themselves.

Documents obtained in response to the subpoenas will be shared on an equal basis with both sides.

## ORDER

IT IS THEREFORE, this 5th day of April, 2021,

ORDERED as follows:

1. Defendants' ex parte motion (DE 143) for issuance of Rule 17(c) Subpoenas is granted.
2. The requested subpoenas duces tecum shall be issued by the Clerk of Court forthwith.
3. The materials requested therein shall be produced to the Court within

      21 days after service of the subpoenas upon the recipients.

4. Any motion to quash shall be served simultaneously with the production date, and any documents not objected to shall be produced.
5. Counsel for defendants shall coordinate with the clerk regarding the signing and dating of the subpoenas.
6. A copy of this order shall be served with the subpoenas.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**