**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

v.

GORDON COBURN and STEVEN
SCHWARTZ,

**Defendants.**

Civ. No. 2:19-cr-00120 (KM)

**MEMORANDUM AND ORDER**

**SEALED**

**KEVIN MCNULTY, U.S.D.J.:**

Cognizant Technology Solutions Corp. ("Cognizant") moves for
"clarification" of my prior opinion resolving various motions regarding the
subpoenas of Defendants Steven Schwartz and Gordon Coburn concerning
investigative outsourcing, the "Category A subpoenas." In that opinion, which
seems clear enough, I held that Cognizant had waived attorney-client privilege
and work product protections over a substantial set of documents and
communications concerning its investigation of Defendants because it had
provided detailed summaries of that investigation to the government in the so-
called "DLA downloads." (*See* Op. at 13-14.)[1] Cognizant now moves for
clarification, arguing that my prior opinion authorized it to extensively redact
interview memoranda made during its investigation and to withhold notes used
by its attorneys in preparation for its disclosures to the government.
Defendants maintain that Cognizant should disclose these interview

---

[1]   "DE __" refers to the docket entry numbers in this case.

"Op." refers to my Opinion filed on January 24, 2022. (DE 263.)

"Def. Letter" refers to Defendants' letter submitted on April 6, 2022. (DE 332.)

"Mot." refers to Cognizant's letter-brief in support of its Motion for Clarification.
(DE 333-1.)

"Cognizant Letter" refers to Cognizant's letter submitted on April 13, 2022. (DE
337.)

"Reply" refers to Defendants' joint reply to Cognizant's Motion for Clarification.
(DE 338-1.)

memoranda and notes in full or, at a minimum, provide an explanation of their redaction process. For the reasons set forth below, I will order Cognizant to produce the interview memoranda and the notes used to prepare the DLA downloads without resort to redaction.

**DISCUSSION**

I assume familiarity with the underlying procedural history as outlined in my prior opinion. (*See* Op. at 1-4.) On January 24, 2022, in the opinion currently at issue, I delineated the scope of Cognizant's waiver of attorney-client privilege and work product protections over three categories of materials related to Cognizant's internal investigation, finding that: (1) "to the extent that summaries of interviews were conveyed to the government, the privilege is waived as to all memoranda, notes, summaries, or other records of the interviews themselves"; (2) "to the extent the summaries directly conveyed the contents of documents or communications, those underlying documents or communications themselves are within the scope of the waiver"; and (3) "the waiver extends to documents and communications that were reviewed and formed any part of the basis of any presentation, oral or written, to the DOJ in connection with this investigation." (*Id.* at 14; DE 264.)[2]

Following further discovery, Defendants and Cognizant again dispute the scope of Cognizant's waiver and thus the scope of discovery to which Defendants are entitled. Cognizant has extensively redacted numerous portions of its 44 witness interviews and has withheld notes that its attorneys used to prepare the DLA downloads, arguing that these materials were never conveyed to the government and so remain shielded from discovery by attorney-client and work product protections. (Mot. at 2-5; Cognizant Letter at 3-5.) Defendants counter that the interview memoranda and attorney notes fall

---

[2]    This is Cognizant's second motion for reconsideration. The Government, Defendants, and Cognizant all filed motions for reconsideration of my earlier opinion, though on subjects unrelated to the motion currently before me. On March 23, 2022, I granted the Government's motion and the Defendants' motion in part but denied Cognizant's motion. (DE 319, 320.)

squarely within the scope of the waiver outlined in my prior opinion and thus request that Cognizant either disclose these materials in full or provide a redaction log and fuller explanation of how it delineated discoverable and privileged materials. (Reply at 2-5, Def. Letter at 3-5.)

Reviewing the parties' briefing in this dispute, I must agree with Defendants that Cognizant's latest attempt to limit the reach of discovery ordered by this Court should be rejected. Defendants originally urged a very broad subject matter waiver, a position the Court did not accept. I narrowed the scope of the waiver but held that Cognizant could not assert attorney-client privilege or work product protections over "memoranda, notes, summaries, or other records of the interviews" where it conveyed detailed summaries of those interviews to the government. (Op. at 14; *see also* DE 264 at 1 (ordering disclosure of "interview summaries and their underlying documents, communications, or records to the extent that these summaries or the contents of these materials [] were conveyed by Cognizant to DOJ").)

Nor can Cognizant redact the documents based on this or that sentence or paragraph being privileged or nonprivileged, viewed in isolation. The basis for the Court's decision was not that such items could not have been privileged as an original matter, but rather that the disclosure to the government waived any privilege as to documents actually disclosed and certain related documents pertaining to the same subject matter. *See Shire LLC v. Amneal Pharms.*, LLC, No. 2:11-CV-03781, 2014 WL 1509238, at *6 (D.N.J. Jan. 10, 2014) (providing that a party's waiver extends to undisclosed documents and communications if "1) the waiver is intentional; 2) the disclosed and undisclosed communications or information concern the same subject matter; and 3) they ought in fairness be considered together" (citing Fed. R. Evid. 502(a))). Both my prior opinion and basic fairness mandate that Cognizant disclose the 44 interview memoranda underlying the DLA downloads.

Further, my opinion specified that Cognizant's waiver "extends to documents and communications that were reviewed and formed any part of the basis of any presentation" to the government. (Op. at 14.) Cognizant's waiver

thus clearly encompassed both the interview memoranda in their entirety and the notes used by Cognizant's attorneys in preparing for the DLA downloads. Cognizant does not appear to deny that both sets of materials were reviewed and formed part of the basis of Cognizant's presentations to the government, even if they were not conveyed to the government verbatim and in their entirety. More fundamentally, Cognizant's disclosures to the government undermined the purpose of both attorney-client and work product protections, waiving those privileges as to the information actually conveyed to the government and to the documents so related to that information that they "ought in fairness be considered together." (*See* Op. at 8, 14 (citing *In re Chevron Corp.*, 633 F.3d 153, 165 (3d Cir. 2011) and *Shire LLC*, No. 2:11-CV-03781, 2014 WL 1509238, at *6.) Requiring these materials' disclosure ensures that Defendants do not suffer undue prejudice at trial, *Shire LLC*, No. 2:11-CV-03781, 2014 WL 1509238, at *6, and prevents the use of attorney-client privilege or work product protections "to present a one-sided story to the court," *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1426 n.12 (3d Cir. 1991).

I close by reemphasizing that this is not a discovery dispute between parties to a civil lawsuit; it is a valid attempt to obtain by subpoena evidence relevant to the defense of criminal charges. I also consider the situation in which Cognizant found itself. The government was investigating allegations of bribes paid by high officials of Cognizant, on behalf of Cognizant to obtain necessary approvals for a Cognizant project. Cognizant signed a declination agreement with DOJ that cited Cognizant's voluntary disclosure, its "thorough and comprehensive investigation," and its "full and proactive cooperation" with the government. Cognizant agreed that it would continue to cooperate fully and provide the government with "*any information*" requested. It could not have anticipated, at least vis-à-vis the government, that it could shield anything. It is not surprising that Cognizant waived its privilege; by doing so, it dodged a bullet. The materials at issue here fall within this waiver thanks to Cognizant's

own intentional conduct and must in fairness be disclosed to Defendants. Moreover, since these documents were foundational to Cognizant's presentation to the government and privilege over them was waived, Cognizant is not entitled to redact them. Cognizant's exhaustively-briefed objections to disclosure I have already considered; they now serve only to delay this case. In that spirit, I reject this motion for "clarification" and will require full compliance with the subpoenas, as narrowed by my prior decisions, within 14 days.

## ORDER

Accordingly, and as already detailed in my opinion dated January 24, 2022, Cognizant has waived its privilege over "all memoranda, notes, summaries, or other records" of interviews "to the extent that summaries of interviews were conveyed to the government" and over "documents and communications that were reviewed and formed any part of the basis of any presentation" to the government. Both the unredacted interview memoranda and the notes used by Cognizant's attorneys in preparation for presentations to the government fall squarely within this waiver's ambit and as such, must be disclosed to Defendants within 14 days.

Dated: April 27, 2022

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**