UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**GORDON COBURN and STEVEN SCHWARTZ,**<br><br>Defendants. | Civ. No. 2:19-cr-00120 (KM)<br><br>**MEMORANDUM AND ORDER**<br><br>**(Disqualification motion)** |

<u>**KEVIN MCNULTY, U.S.D.J.**</u>:

Defendant Steven Schwartz moves to disqualify attorney Jenny Kramer, Esq., and her law firm, Alston & Bird, from representing Cognizant Technology Solutions Corp. ("Cognizant"). Schwartz alleges that Kramer violated New Jersey Rule of Professional Conduct ("RPC") 1.18, governing a lawyer's duties to former prospective clients. (DE 285) Specifically, he alleges that Kramer discussed joining Schwartz's defense team with Schwartz and his attorneys, and in these conversations learned information about Schwartz's litigation strategy that could substantially harm Schwartz's case if known to her client, Cognizant. After initial briefing, I offered both parties the option to submit further evidentiary materials on the narrow subject of "the actual content of discussions between Kramer and Schwartz's legal team." Schwartz submitted supplemental certifications from himself, his attorney Jeremy Bohrer, and his defense consultant Richard Gorelick regarding the content of these discussions. Alston & Bird and Kramer continue to maintain, in somewhat less specific terms, that Kramer received no information that could substantially harm Schwartz's case, and allege that Schwartz's account is misleading, false, or fabricated.

A party bears a heavy burden of proof in moving for disqualification "since '[m]otions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Bell v. Cumberland Cnty.*, No. CIV. 09-6485

JHR/JS, 2012 WL 1900570, at *2 (D.N.J. May 23, 2012) (quoting *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J.1993) (alteration in original)); *see also O Builders & Assocs., Inc. v. Yuna Corp. of NJ*, 206 N.J. 109, 127, 19 A.3d 966, 977 (2011). Given that motions for disqualification require courts to balance "the need to maintain the highest standards of the profession against a client's right freely to choose his counsel," a court considering such a motion must undertake "a fact-sensitive analysis to ensure that the congruity of facts, and not merely similar legal theories, governs whether an attorney ethically may act adverse to a former client." *Trupos*, 201 N.J. at 462, 467; *see also Montgomery Acad. v. Kohn*, 50 F.Supp.2d 344, 349 (D.N.J.1999) (noting that a disqualification determination requires "close judicial scrutiny of the facts of each case" in order "to prevent unjust results").

For disqualification under RPC 1.18 to be warranted, Schwartz must demonstrate that the information Kramer received in the course of her discussions with the defense team is "significantly harmful," i.e., "prejudicial in fact" to Schwartz in the current case, "a determination that is exquisitely fact-sensitive and -specific." *See O Builders*, 206 N.J. at 125-26. Equitable factors, such as waiver, estoppel, laches, undue hardship, and a balancing of the equities, may enter into the court's consideration as well. *See, e.g., UMG Recordings, Inc. v. MySpace, Inc.*, 526 F. Supp. 2d 1046, 1062 (C.D. Cal. 2007) (citing Geoffrey C. Hazard, Jr. & W. William Hodes, The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct § 4.7, at 4–22 (Aspen, 3d ed. 2007)). Such determinations are preferably made, if possible, "on the affidavits and documentary evidence submitted and an evidentiary hearing should be held only when the court cannot with confidence decide the issue on the basis of the information contained in those papers." *Id.* at 127.

A court may be unable to determine whether information is significantly harmful, however, when there remain factual "gaps" in the record or "when there looms a question of witness credibility." *Id.* This is such a case. These parties, unfortunately including attorneys, appear to accuse one another of

outright misrepresentation. I must therefore make a credibility determination. Accordingly, I will order an evidentiary hearing on this motion.

## ORDER

For the reasons described above,

**IT IS** this 3d day of May, 2022,

**ORDERED** that the Court will convene an evidentiary hearing on the question of whether Kramer learned significantly harmful information about Schwartz's case in the course of her discussions with him or his legal team. Counsel shall set a hearing date with the clerk. Three days prior, they shall exchange witness lists. For any witness who has not already submitted a sworn statement, counsel shall also furnish a brief summary of anticipated testimony. Counsel shall discuss and agree on a protective order and/or other procedures for shielding privileged material.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**