# REPLY EXHIBIT B

March 16, 2023

**BY EMAIL**

Roberto Finzi
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019

Re:   *USA v. Coburn & Schwartz*, No. 19-cr-120-(KM)

Dear Roberto:

We write in response to your March 1, 2023 letter, which requests that Cognizant produce "notes, summaries, or memoranda concerning any meetings (including, but not limited to, calls, videocalls, discussions, or presentations) between Cognizant and/or its agents and the Government" particularly "materials created during or after those meetings." Mar. 1 Ltr. at 1. Cognizant declines Defendants' request for the reasons set forth below.

***First***, contemporaneous or after-the-fact notes or summaries of meetings or communications with the Government could only have been made by the attorneys representing Cognizant who participated in those meetings or communications. Any notes or summaries would necessarily reflect those attorneys' mental impressions regarding their communications with the Government and, thus, constitute textbook "opinion" or "core" attorney work product, which is "generally afforded near absolute protection from discovery." *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003) (material reflecting attorney "mental impressions, conclusions, opinions, or legal theories" constitute "core" or "opinion" work product).[1] Further, protected work product is not discoverable under Rule 17. *See, e.g.*, *United States v. Blumberg*, 2017 WL 4790382, at *5 (D.N.J. Oct. 20, 2017) (denying Rule 17 subpoena requests that called for material subject to the work product doctrine "on admissibility grounds").

***Second***, you stated that the Government made "a production of similar information" the week prior to your letter. Mar. 1 Ltr. at 3. We have not been provided with a copy of any materials that the Government provided to Defendants in this regard. However, to the extent that the Government provided Defendants with notes or summaries of its communications with Cognizant's counsel, its production lessens any supposed need Defendants have for Cognizant's counsel's contemporaneous or after-the-fact notes of the same communications and undermines Defendants' purported justification for invading Cognizant's and its attorneys' work product protection.

***Third***, Defendants' contention that Cognizant does not have "any basis to withhold these materials [*i.e.*, contemporaneous or after-the-fact notes or summaries of meetings or

---

[1] Separately, any communications between Cognizant's attorneys and the company (or its directors) concerning the attorneys' dealings with the Government would constitute privileged, attorney-client communications.

- 2 -

communications with the Government] in light of the Court's orders," Mar. 1 Ltr. at 2-3, blatantly misconstrues the Court's rulings. The Court has made clear that "communications directly between Cognizant and its counsel . . . not directly or derivatively shared with the government, are presumptively privileged." *See* July 19, 2022 Memorandum and Order (ECF 380), at 3. Indeed, the Court ruled that Cognizant only waived privileged with respect to three categories of information:

> First, to the extent that summaries of interviews were conveyed to the government, whether orally or in writing, the privilege is waived as to all memoranda, notes, summaries, or other records of the interviews themselves. Second, to the extent the summaries directly conveyed the contents of documents or communications, those underlying documents or communications themselves are within the scope of the waiver. Third, the waiver extends to documents and communications that were reviewed and formed any part of the basis of any presentation, oral or written, to the DOJ in connection with this investigation.

January 24, 2022 Opinion (ECF 268, filed on Feb. 1, 2022) (the "January 2022 Opinion"), at 14. The first two categories relate to witness interviews and are not applicable here. With respect to the third category, ***contemporaneous and after-the-fact*** summaries of communications or meetings with the Government plainly could not have "formed any part of the basis of" the meetings or communications themselves. Your letter does not identify any instance where Cognizant or its attorneys "directly or derivatively shared" with the Government their notes or summaries of communications ***with the Government***—nor would there have been any logical reason for Cognizant to have made such a disclosure. Accordingly, Cognizant's attorneys' notes and summaries of communications with the Government do not fall within the scope of the Court's waiver rulings.[2]

***Fourth***, Defendants have unjustifiably delayed requesting this discovery. Nothing in the January 2022 Opinion directs Cognizant to produce contemporaneous or after-the-fact notes or summaries of communications with the Government. If Defendants wished to challenge the Court's determination of that issue, they could have sought reconsideration within 14 days of the January 2022 Opinion, *see* Local Civil Rule 7.1(i), but they failed to do so and it is far too late to do so now. Moreover, Cognizant substantially completed its productions in response to Defendants' Category A subpoenas in April and May of 2022—nearly a year ago.

---

[2] Your letter points to language in the January 2022 Opinion, in which the Court said that "Cognizant's waiver of privilege and work product protection extend[s] to 'communications that "concern the same subject matter" and "ought in fairness be considered together" with the actual disclosures to DOJ.'" January 2022 Opinion at 13. But the Court has also made it pellucidly clear that it "did not accept" Defendants' contention that Cognizant effectuated a "very broad subject matter waiver." *See* April 27, 2022 Memorandum and Order (ECF 339) at 3. The materials that "'ought in fairness be considered together' with the actual disclosures to DOJ" are the three categories of documents enumerated in the quote from the January 2022 Opinion above.

- 3 -

Those productions did not include any contemporaneous or after-the-fact summaries of communications with the Government, a fact that—given Defendants' painstaking review of Cognizant's productions—could not have escaped their attention. Yet, despite having sought multiple other categories of documents from Cognizant during that time, *see, e.g.*, ECF 365, Defendants did not request contemporaneous or after-the-fact summaries from Cognizant until now, mere weeks before the long-awaited *Garrity* hearing. Defendants' belated request for these materials appears to be a tactic designed to delay the *Garrity* hearing and calls their good faith in seeking this discovery into question.

*   *   *   *

For the reasons set forth above, Cognizant declines to produce the materials sought in your letter of March 1.

Sincerely,

| ALSTON & BIRD LLP | FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP |
|---|---|
| s/ *Jenny Kramer* | s/ *Mala Ahuja Harker* |
| Jenny Kramer | Mala Ahuja Harker (not admitted to USDC-NJ bar) |
| Rachel Finkel (not admitted to USDC-NJ bar) | Michael S. Palmieri (not admitted to USDC-NJ bar) |
| 90 Park Avenue, 12th Floor | 7 Times Square |
| New York, New York 10016 | New York, New York 10036-6516 |
| (212) 210-9400 | (212) 833-1100 |

cc:   All Defense Counsel
      All Government Counsel