# REPLY EXHIBIT C

IA2QCON1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                        16 CR 370 (CM)

MATTHEW CONNOLLY,
GAVIN CAMPBELL BLACK,

               Defendants.            JURY TRIAL
------------------------------x

                                      New York, N.Y.
                                      October 2, 2018
                                      9:40 a


Before:

               HON. COLLEEN McMAHON,

                                      Chief District Judge


                      APPEARANCES

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION
BY:  CAROL L. SIPPERLY
     MICHAEL T. KOENIG
     ALISON L. ANDERSON
     CHRISTINA BROWN

PAUL HASTINGS LLP
     Attorneys for Defendant Matthew Connolly
BY:  KENNETH M. BREEN
     PHARA A. GUBERMAN
     JANE H. YOON
     AMANDA L. POBER

LEVINE LEE LLP
     Attorneys for Defendant Gavin Campbell Black
BY:  SETH L. LEVINE
     MIRIAM L. ALINIKOFF
     SCOTT B. KLUGMAN
     DYLAN STERN
```

IA2QCON1

APPEARANCES (continued)

ALSO PRESENT:  MICHAEL McGILLICUDDY, FBI
KATIE HOLBROOK
AARATHI PARAMESH MENON
Paralegal Specialists, USDOJ

PETER FITZGERALD, Technician
JEREMY COOPER, Technician

1  for the government documents of interest and provided
2  background on the relevant participants in the investigation,
3  right?
4  A.  Yes.
5           MS. ANDERSON:  Objection.  Asked and answered.
6           THE COURT:  The objection is sustained.
7  Q.  And Deutsche Bank also agreed to perform various analyses
8  that would help the government understand the data, is that
9  fair?
10 A.  I do recall we did perform certain analyses.
11 Q.  Do you recall, sir, that Deutsche Bank provided an analysis
12 of the net positions for various traders as part of a
13 time-consuming manual reconstruction of the traders' books?
14          MS. ANDERSON:  Objection to relevance at this hearing.
15          THE COURT:  The objection is sustained.
16          MR. LEVINE:  Your Honor, I'm trying to establish the
17 extensive nature of cooperation.
18          THE COURT:  I'm fully aware of the extensive nature of
19 cooperation.  We're not going to spend another two hours
20 listening to this.
21          You have established that the cooperation was
22 extensive and complete.  The only question is does that violate
23 *Garrity*.  That's an argument.  That's not something we need to
24 discuss with Mr. Ricciardi.  I'm fully aware.
25          The white paper, if nothing else, this document,

1    Defendants' Exhibit 862, establishes in Deutsche Bank's own
2    words, as articulated by Paul Weiss, the extensive and fulsome
3    nature of the cooperation.
4              But I will tell you, I've been sitting here for, what,
5    an hour and ten minutes.  And the only thing I've learned that
6    I didn't know before I walked into this courtroom today -- and
7    I must say, it's an interesting fact -- is that the CFTC
8    directed Deutsche Bank to conduct the investigation.  But I
9    learned that at 9:45.
10             MR. LEVINE:  In fairness, Judge, it's sort of hard to
11   top that.
12             I'm going to finish up, your Honor.  I just want to
13   see if I have anymore questions.
14             THE COURT:  Sure.
15             MR. LEVINE:  Thank you, your Honor.
16             (Pause)
17   BY MR. LEVINE:
18   Q.   Mr. Ricciardi, I've placed before you a document I've
19   marked for identification as DX-9072.  Can you review this and
20   tell me whether you believe this is the letter that you
21   discussed from the CFTC?
22   A.   Exactly the letter.  I haven't seen this probably since
23   2010, but that's what I was referring to.
24   Q.   We wanted to be sure.
25             MR. LEVINE:  I'd offer it, your Honor.