**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3311

WRITER'S DIRECT FACSIMILE

(212) 492-0311

WRITER'S DIRECT E-MAIL ADDRESS

rfinzi@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
GERALD BRANT
ROBERT A. BRITTON
DAVID W. BROWN
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS P. GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MATTHEW B. JORDAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
JEFFREY L. KOCHIAN
ALEXIA D. KORBERG
ALAN W. KORNBERG

DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
KAISA KUUSK
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. McCOLM
JEAN M. McLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
SUHAN SHIM
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
SARAH STASNY
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
KEN ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

April 18, 2023

**VIA ECF**

Honorable Kevin McNulty
United States District Judge
Lautenberg U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey  07102

      Re: *United States* v. *Coburn & Schwartz*
        Criminal No. 19-120 (KM)

Dear Judge McNulty:

    We are in receipt of the government's letter dated April 17, 2023 regarding the scope of tomorrow's hearing.  For the reasons discussed below, we disagree with the government's characterizations of both what is at issue at the hearing and the proof that is relevant to those issues.

    First, even though the Court has limited the timeframe of the *Garrity* portion of the hearing to April 2016 through October 24, 2016, as the Court previously recognized during the December 2, 2022 oral argument, interactions that occurred after this time period may speak directly to the prescribed time period to the extent they address the underlying

allegations that were the focus of Cognizant's investigation or events that took place in the prescribed time period. So, for example, DLA Piper's March 9, 2018 draft agenda for Cognizant's Filip Factors presentation to the government on March 10, 2018, while itself dating from outside the prescribed time period, contains material that is within the prescribed time period, including that counsel for Cognizant "[d]oggedly persist[ed] in securing additional interviews with both the President [Gordon Coburn] and the General Counsel [Steven Schwartz]" prior to their resignations. CTS_R17_00005299 at 5306. The Court made this point clear during the December 2, 2022 oral argument when it corrected the government's assertion that "evidence of something that happened years and months later [after October 24, 2016] is not evidentiary relevant to the question of [w]hat happened three weeks after the first disclosure," responding, "Well, it can be. . . . It's not the date of it. It is what it signifies." Dec. 2, 2022 Tr. at 90:10–17.

Moreover, this understanding of the hearing's scope poses no prejudice to the government or to the witnesses appearing at the hearing. The government's February 24, 2023 production of pre-hearing documents—produced for the purposes of witness preparation—included materials spanning the period of September 1, 2016 to February 14, 2019. Thus, as evidenced by the scope of the discovery produced by the government of these witnesses' documents and communications, the government and these witnesses are prepared to address communications outside the April 2016 through October 24, 2016 time period to the extent that they bear on the charged conduct or prescribed time period. On the other hand, the Defendants stand to be severely prejudiced should the Court adopt the government's interpretation and limit the hearing the way the government proposes. Indeed, the Defendants selected their four witnesses in reliance on the understanding of the scope of the *Garrity* portion of the hearing described by the Court.

Second, the government's letter asserts that the hearing concerns only whether Cognizant's interviews of the Defendants were "government-engineered." ECF No. 469 at 1. However, the legal standard is whether the company's conduct is "fairly attributable to the Government." *United States* v. *Stein*, 541 F.3d 130, 146–51 (2d Cir. 2008); *see also* (ECF No. 96 at 11) ("Where, as here, a private employer conducted the interview, there is another step to the analysis; under the Second Circuit's approach, statements obtained in a coerced interview may be suppressed only if the interview is 'fairly attributable' to the government.") (quoting *United States* v. *Connolly*, 2019 WL 2120523, *10–11 (S.D.N.Y. May 2, 2019)). The case law indicates that private action may be fairly attributable to the government in circumstances that do not involve government engineering. *Stein*, 541 F.3d at 147 (A "sufficiently close nexus" exists between action of a private employer and the government when the government "provides the private actor with *significant encouragement,* either overt or covert, or when the private actor operates as a *willful participant in joint activity* with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is *entwined with governmental policies.*") (emphasis in original).

Third, the government's letter entirely ignores that, as the Court made clear, the hearing concerns *Brady*, as well as *Garrity*, claims. *See* Jan. 10, 2022 Tr. at 9:20–23 (granting defense's requested hearing "for the motions having to do with the interviews of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Kevin McNulty                                                                                              3

the defendants and also the one having to do with whether the corporation is inside the *Brady* circle"); Jan. 31, 2022 Tr. at 8:6–8 (addressing "the hearing on the *Garrity* and the companion motion").  The Court's order of April 17, of course, addresses only "the substantive scope of the *Garrity* hearing," ECF No. 468 at 7 n.4, and does not implicate the scope of questioning relevant to Defendants' *Brady* claims, which the government has conceded reach a time period extending well beyond Coburn's and Schwartz's interviews in August and September of 2016.  *See* Dec. 2, 2022 Tr. at 99:2–7 (THE COURT:  "The first part of the argument, the *Garrity* part, obviously, you were focusing on that September period when the interviews took place.  But how about the *Brady* piece?  Does that depend more on the control or relationship over the years?  MS. PATEL: Certainly that information would be relevant to the *Brady* piece, and I'm not arguing that it's not.").

We will be prepared to discuss these issues, including as part of our opening statements, in open court tomorrow.

Respectfully submitted,

*/s/ Roberto Finzi*

Roberto Finzi

cc:     All Counsel (by ECF)