# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

       v.

GORDON J. COBURN and
STEVEN SCHWARTZ,

              Defendants.

Crim. No. 19-120 (KM)

Hon. Kevin McNulty
Hon. Michael A. Hammer

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR SUBMISSION PURSUANT TO MAY 18, 2023 ORDER

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................II

ARGUMENT ........................................................................................................... 1

I.     Defendants' Privilege Challenges Are Timely ................................................ 1

    A.     Cognizant Failed to Raise Any Timeliness Objections When the District Court Referred Privilege Issues to This Court ........................................ 1

    B.     Defendants Should Not Be Penalized for Their Good Faith Efforts to Engage Cognizant in Discussions Regarding the Privilege Logs, and Cognizant Should Not Be Rewarded for Its Refusal to Participate in That Process ................ 2

    C.     Cognizant's Repeated Failure to Apply the Court's Waiver Rulings Necessitated Defendants' Line-by-Line Review of Cognizant's Privilege Logs, Which Confirmed the Extent of Cognizant's Improper Privilege Assertions .......................................................................................... 4

II.     THE COURT SHOULD ORDER COGNIZANT TO PRODUCE THE DOCUMENTS AND COMMUNICATIONS IT CONTINUES TO WITHHOLD OR REDACT THAT ARE NOT AND NEVER WERE PRIVILEGED .............................................. 5

III.     THE COURT SHOULD ORDER COGNIZANT TO PRODUCE THE DOCUMENTS AND COMMUNICATIONS IT CONTINUES TO WITHHOLD OR REDACT OVER WHICH PRIVILEGE HAS BEEN WAIVED ..................................................... 7

    A.     Defendants Seek to Enforce the Court's Privilege Waiver Rulings, Not Relitigate Them ........................................................................................ 7

    B.     The Three Topics Defendants Identify Were Central to Cognizant's Disclosures and Presentations to the Government .................................. 9

    C.     The Documents and Communications on the Category A Subpoena Log Are Relevant to Issues for Trial ................................................................ 11

    D.     Cognizant Has Already Identified as Responsive Each of the Documents and Communications at Issue in Defendants' Challenges to Cognizant's Privilege Log Entries ........................................................................................ 12

IV.     THE COURT SHOULD ORDER COGNIZANT TO PRODUCE ALL DOCUMENTS AND COMMUNICATIONS IT HAS WITHHELD OR REDACTED CONCERNING DEFENDANTS' SUPPORT FOR THE COMPANY'S INVESTIGATION .................. 13

CONCLUSION ...................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*La. Mun. Police Emps. Ret. Sys.* v. *Sealed Air Corp.*,
253 F.R.D. 300 (D.N.J. 2008)......................................................................................6

*Leonen* v. *Johns-Manville*,
135 F.R.D. 94 (D.N.J. 1990).........................................................................................6

*Shire LLC* v. *Amneal Pharms.,*
*LLC*, 2014 WL 1509238 (D.N.J. Jan. 10, 2014)........................................................14

*Westinghouse Elec. Corp.* v. *Republic of Philippines*,
951 F.2d 1414 (3d Cir. 1991)......................................................................................14

Pursuant to the Honorable Kevin McNulty's May 18, 2023 Order, ECF No. 481, Defendants Gordon Coburn and Steven Schwartz respectfully file this reply in further support of their positions with respect to the remaining privilege claims being asserted by non-party Cognizant Technology Solutions Corporation ("Cognizant" or the "Company").

## ARGUMENT

### I.    DEFENDANTS' PRIVILEGE CHALLENGES ARE TIMELY

#### A.    Cognizant Failed to Raise Any Timeliness Objections When the District Court Referred Privilege Issues to This Court

Cognizant's opposition repeatedly complains of Defendants' "delay" in seeking referral of privilege disputes to this Court.  ECF No 488 at 3, 8.  But Cognizant did not object to the timeliness of the referral either when it was raised at the April 18 and 19, 2023 hearing or at any point during the parties' discussion of the terms and scope of the referral.  And Judge McNulty—fully aware of the timing of the request in the overall context of this case—referred these disputes to this Court. ECF No. 481.  Cognizant could have objected to the referral on timeliness grounds before Judge McNulty but did not, and its objection is not appropriately raised at this point or before this Court.

Specifically, in briefing immediately preceding the April 18 and 19, 2023 hearing, Defendants requested that Judge McNulty resolve a limited portion of the parties' privilege disputes ahead of the hearing and refer remaining privilege disputes to this Court for resolution in advance of trial.  ECF No. 451 at 2.  The Government joined in Defendants' second request, agreeing that "any remaining privilege issues [should] be referred to a Magistrate Judge—a remedy that [Judge McNulty] already suggested would be appropriate."  ECF No. 466 at 1.  Cognizant raised no objection.

Judge McNulty did not address either the privilege disputes or the requested referral of privilege issues to this Court in his pre-hearing order, which instead focused on other issues "most

pertinent to [the] upcoming hearing." ECF No. 468 at 1. At the end of the hearing, Defendants renewed their request that Judge McNulty refer privilege disputes to the Magistrate Judge. Again, Cognizant—which was present for the entirety of the hearing—raised no objection. The Court agreed that such privilege disputes would "be handled . . . efficiently by the magistrate judge, who is used to dealing with these kind of issues." Ex. 25, Apr. 19, 2023 Hr'g Tr. at 420:2–4; 419:8–16.[1] During the subsequent meet and confer on the referral order, Cognizant raised various objections to the scope and language of the draft order, but did not complain about the timeliness of the referral. ECF No. 481 ¶ 4 (preserving Cognizant's ability to challenge the continued relevance of the Category A materials and to request additional time under the briefing schedule, but not preserving a timeliness argument). Having failed to raise the issue with Judge McNulty despite ample opportunity to do so, Cognizant's objection on timeliness grounds is not appropriate at this stage.

> **B.      Defendants Should Not Be Penalized for Their Good Faith Efforts to Engage Cognizant in Discussions Regarding the Privilege Logs, and Cognizant Should Not Be Rewarded for Its Refusal to Participate in That Process**

Nor is it the case that the time that has elapsed amounts to "delay" on the part of the Defendants. To the contrary, the record on this issue clearly reflects that the referral in this matter followed Defendants' good faith efforts to resolve these matters without the Court's intervention and that Cognizant simply refused to engage. For example, after Judge McNulty's initial privilege waiver decision on January 24, 2022, the Court had to clarify and reaffirm its Order when Cognizant continued to extensively withhold and redact material within its scope. *See* ECF No. 339. Then, after this second decision—in which the Court noted "Cognizant's latest attempt to

---

[1]    All citations of the form "Ex." are citations to exhibits to the Sieber Declarations dated June 9, 2023 and June 30, 2023. The declarations have continuous numbering of exhibits.

limit the reach of discovery ordered by this Court," *id.* at 3—Cognizant failed to take any steps to apply the Court's waiver rulings to its productions and logs beyond the particular documents expressly addressed in the second ruling.  And this was so even though the Defendants made repeated requests that Cognizant undertake—and that the Government direct Cognizant to undertake—a re-review of its privilege assertions in light of the Court's waiver rulings.  *See, e.g.*, Ex. 49, Letter from R. Finzi to N. Grippo *et al.* (July 5, 2022), at 4 (asking that the Government "seek from Cognizant and produce to [Defendants] any material that the Company previously withheld or redacted but that is no longer subject to a valid claim of privilege"); Ex. 31, Letter from R. Finzi to M. Harker *et al.* (Sept. 7, 2022), at 2 (asking that Cognizant review its privilege assertions on the Voluntary Productions log, DOJ Subpoena log, and Category A log in light of the Court's waiver rulings).  Both Cognizant and the Government dismissed the Defendants' requests.  *See* Ex. 32, Letter from J. Kramer *et al.* to R. Finzi (Sept. 29, 2022), at 3 (asserting that "[n]othing in [Defendants'] letter, the Court's rulings, or the law justifies this extraordinarily burdensome request."); Ex. 50, Email from G. Moody to R. Finzi *et al.* (Sept. 26, 2022) (stating summarily that the Government "is aware of its discovery obligations and continues to comply with them").[2]

In sum, the record shows that Defendants sought in good faith to engage with Cognizant about its privilege invocations in an effort to obviate the need for court intervention and that

---

[2]   Cognizant also suggests that it was unaware of the scope of Defendants' objections to its logs. ECF No. 488 at 8–9 & n.9.  But the scope and nature of Defendant's challenges should be no surprise to Cognizant.  As early as September 7, 2022, Defendants provided Cognizant with lists of entries it asked Cognizant to re-review. Ex. 31, Letter from R. Finzi to M. Harker *et al.* (Sept. 7, 2022), at 2.  Defendants also identified entries they were challenging as waived or as never privileged as part of their submission in advance of the *Garrity/Connolly/Brady* hearing.  ECF Nos. 451 at 25, 451-1–451-4.  In other words, Cognizant has had ample notice of the scope of Defendants' privilege challenges.

Cognizant repeatedly refused.  Cognizant's attempt to punish Defendants for these efforts by asserting that Defendants' arguments have somehow been waived by the passage of time that is actually attributable in large part to Cognizant's inaction should be rejected.

### C. Cognizant's Repeated Failure to Apply the Court's Waiver Rulings Necessitated Defendants' Line-by-Line Review of Cognizant's Privilege Logs, Which Confirmed the Extent of Cognizant's Improper Privilege Assertions

Finally, it would be unfair to penalize Defendants for the time it took to challenge Cognizant's assertions because (1) the need for a line-by-line challenge was the result of Cognizant's failure to commit to doing the review itself, and (2) the task was complicated by privilege logs that were voluminous, outdated, and incomplete, and that often did not include information sufficient to evaluate the privilege assertions being made.  The truth is that Defendants have been raising issues with respect to Cognizant's privilege logs for over three years.  *See* Ex. 28, Letter from R. Finzi to N. Grippo *et al.* (Jan. 10, 2020), at 6 (requesting that the Government address with Cognizant inconsistencies and errors on Cognizant's logs, including, among other issues, that "[c]ertain entries reflecting the same email chains, attachments, and/or standalone documents have different descriptions on the privilege logs for the privilege asserted").[3]  Having provided inadequate logs and then refused requests to update or review them in light of intervening rulings, Cognizant should not be allowed to complain about the time it took Defendants to undertake that work themselves.

---

[3]  Defendants began raising concerns with Cognizant's assertions of privilege in this case before the Indictment was even returned.  *See* Ex. 26, Letter from R. Finzi & T. Wells to D. Last *et al.* (Nov. 4, 2018), at 1–2 ("It is apparent that Cognizant has shared with you information that would otherwise be covered by the attorney-client privilege and/or work product doctrine . . . . [B]y providing you this information Cognizant has waived privilege as to the underlying communications you allege evidence a crime; as to all materials relating to DLA's internal investigation . . . ; and as to all issues surrounding payments or possible payments to foreign government officials . . . .").

## II. THE COURT SHOULD ORDER COGNIZANT TO PRODUCE THE DOCUMENTS AND COMMUNICATIONS IT CONTINUES TO WITHHOLD OR REDACT THAT ARE NOT AND NEVER WERE PRIVILEGED

Cognizant primarily defends against challenges to its privilege claims over documents that appear never to have been privileged with two arguments: First, Cognizant criticizes the Defendants for failing to acknowledge that there are exceptions to broad rules of privilege and that Cognizant's privilege invocations may fall into those exceptions. Second, Cognizant argues that certain documents are in fact privileged based on a purported "common interest" between Cognizant and L&T, the company with which Cognizant is alleged to have conspired to pay the bribe. Neither argument has merit.

Cognizant argues that there are exceptions to certain general rules of privilege that apply here and that its entries may fit into those exceptions. So, for example, where Defendants note that attorney-client privilege does not attach to documents and communications in which no lawyer participated, Cognizant notes that there is an exception to this rule where "privileged communications [are] shared [among] non-attorney employees in order to relay information requested by attorneys." ECF No. 488 at 10 (citation omitted). But even assuming *arguendo* that this is true with respect to any of these entries on Cognizant's logs, which Cognizant has not established, Cognizant still fails to justify fully withholding these materials, rather than redacting the portion in which a privileged communication is relayed. Furthermore, Cognizant appears to argue that the mere existence of this exception means that any document—whether sent or received by a lawyer or not—can be entered on a log and cannot be challenged.

Defendants acknowledge, of course, that it is possible that some of the challenged entries may in fact be legitimately privileged and properly redacted or withheld. But there is no way to know that from Cognizant's logs, and neither Defendants, nor presumably the Government, have access to the underlying communications to find out. Cognizant's claim that a challenged

document may in fact be privileged even if the log does not reflect it only highlights the underlying problem: for many entries the limited information Cognizant provided on its logs does not allow Defendants to evaluate (much less verify) Cognizant's privilege assertions.

Tellingly, even the few examples to which Cognizant points in an effort to refute Defendants' challenges contain new and questionable assertions of privilege. With respect to Defendants' challenges to log entries that include a third party, for example, Cognizant claims that, because many of these entries "are not stand-alone emails but are, instead, attachments to other emails listed on Cognizant's privilege logs, and the parent emails (1) are internal to Cognizant and (2) include, or reflect legal advice from, Cognizant's in-house attorneys," they "were appropriately withheld as parts of the larger privileged communications." *Id.* at 16. But that is not the law. Communications are not privileged simply because they were later attached to a communication with an attorney. *Leonen* v. *Johns-Manville*, 135 F.R.D. 94, 98 (D.N.J. 1990) ("Where a privileged document has attachments, each attachment must individually satisfy the criteria for falling within the privilege. Merely attaching something to a privileged document will not, by itself, make the attachment privileged.").

Next, and with respect to one category of documents that appear never to have been privileged, Cognizant now claims—apparently for the first time—a "common interest" with L&T such that communications between them are, in fact, privileged. ECF No. 488 at 16–17. But Cognizant has not come close to establishing the existence of a common-interest privilege with L&T. As an initial matter, it is not clear that such communications contain a request for, or the provision of, legal advice. *See La. Mun. Police Emps. Ret. Sys.* v. *Sealed Air Corp.*, 253 F.R.D. 300, 309–10 (D.N.J. 2008) (stating that the common-interest privilege only applies "if an

underlying privilege has been established").[4]   More significantly, Cognizant has claimed throughout this case that L&T, working with certain Cognizant employees, facilitated the payment of an illegal bribe to an Indian government official in exchange for a construction permit approval. L&T, for its part, has denied the payment of any such bribe.  *See* ECF Nos. 167-39, 167-40, 167-43.  Cognizant offers no support for its claim that it shared a common legal interest with L&T such that their communications could be privileged.  *See Sealed Air*, 253 F.R.D. at 310 (requiring that the "members of [the] community of interest . . . share *at least a substantially similar legal interest*" for the common-interest privilege to apply (citation omitted)).  In the absence of such a shared interest, Cognizant's claim of privilege cannot stand.

For all these reasons, Cognizant should be ordered to produce those materials which are not, and never were, privileged.

## III.   THE COURT SHOULD ORDER COGNIZANT TO PRODUCE THE DOCUMENTS AND COMMUNICATIONS IT CONTINUES TO WITHHOLD OR REDACT OVER WHICH PRIVILEGE HAS BEEN WAIVED

### A.   Defendants Seek to Enforce the Court's Privilege Waiver Rulings, Not Relitigate Them

In a prior motion to compel Cognizant's compliance with Defendants' Rule 17(c) subpoenas, Defendants asked Judge McNulty to rule that "Cognizant waived privilege and work product protection over its entire internal investigation."  Apr. 30, 2021 Motion to Compel at 68–69.  The Court rejected that contention, and Defendants have never asserted otherwise.  *See* ECF

---

[4]   For example, as to the document Cognizant now says it redacted to the extent it "relates to [a] question that a Cognizant employee[] asked a Cognizant in-house lawyer about an accounting matter," Cognizant provides no explanation as to whether or how this accounting matter required legal advice.  ECF No. 488 at 17.  This justification also appears inconsistent with the log description for this entry, which describes the privilege assertion as "Attorney-Client Communication requesting legal advice regarding contract/agreement issue."  Ex. 2, DOJ Subpoena Log at Row 2.

No. 263 at 13.  But the Court did agree "that there was a significant waiver here," that "Cognizant may not now claim privilege over materials that it furnished to the Government," and that the Company waived "privilege as to communications that 'concern the same subject matter' and 'ought in fairness be considered together' with the actual disclosures to DOJ."  *Id.* at 13–14 (citation omitted).

Cognizant continues to argue, however, that the waiver encompasses only material "actually conveyed to the Government."  ECF No. 488 at 18, 20.  But, as Judge McNulty has made perfectly clear, his holding is that Cognizant "waived any privilege as to documents actually disclosed *and certain related documents pertaining to the same subject matter*."  ECF No. 339 at 3 (emphasis added); *id.* at 4 ("Cognizant's disclosures to the government undermined the purpose of both attorney-client and work product protections, waiving those privileges as to the information actually conveyed to the government and to the documents so related to that information that they 'ought in fairness be considered together.'" (citation omitted)); *see also* ECF No. 468 at 6–7. Indeed, elsewhere in its Opposition, Cognizant appears to concede that the privilege waiver encompasses documents and communications that it did not actually disclose to the Government. ECF No. 488 at 5 n.6 (noting that Cognizant has produced "numerous categories of otherwise privileged materials that it did not directly disclose to the Government . . . precisely because they fell within the scope of the Court's waiver ruling").

With respect to materials that Cognizant did not directly convey to the Government, the Court defined the scope of the waiver to include three categories of documents and communications: (1) memoranda, notes, summaries, or other records of interviews for which summaries were conveyed to the Government; (2) documents and communications underlying those summaries; and (3) documents and communications "that were reviewed and formed any

part of the basis of any presentation, oral or written, to the DOJ in connection with this investigation."  ECF No. 263 at 14; ECF No. 468 at 4 n.3, 6–7.

In the present motion, Defendants seek to enforce the third category in the Court's waiver rulings—documents and communications "that were reviewed and formed any part of the basis of any presentation, oral or written, to the DOJ in connection with this investigation"—and apply it to certain categories of entries on Cognizant's privilege logs in this case.  To this end, Defendants have repeatedly requested that Cognizant re-review its logs and apply the Court's waiver rulings to its prior assertions of privilege.  Cognizant has refused to do so.  As a result, documents remain withheld and redacted without ever having been evaluated to determine if they "were reviewed and formed any part of the basis of any presentation" to the Government.

Contrary to Cognizant's assertion that Defendants are seeking a finding that the Company effected a subject matter waiver over its entire investigation, ECF No. 488 at 5, 18, Defendants do not seek to revisit or alter Judge McNulty's prior rulings.  Rather, Defendants are seeking to enforce an important component of the Court's waiver rulings and to ensure that Cognizant is not continuing to withhold or redact materials that fall within the category of documents "that were reviewed and formed any part of the basis of any presentation" to the Government.  Nor has Judge McNulty ever ruled on whether the challenged entries on Cognizant's privilege logs fit within this category.

### B.    The Three Topics Defendants Identify Were Central to Cognizant's Disclosures and Presentations to the Government

Cognizant does not dispute that it made extensive disclosures on the topics Defendants identified as central to Cognizant's presentations to the Government.  Instead, Cognizant essentially reads the entire "reviewed and formed any part of the basis of" category of documents out of Judge McNulty's January 24, 2022 Order by stating that "there is no practical or reasonable

method of determining which facially privileged documents fall within the 'third category.'" ECF No. 488 at 19.  But Cognizant's refusal to identify materials that were reviewed and formed the basis of its presentations to the Government cannot allow it to evade enforcement of the express terms of Judge McNulty's ruling.  Despite its protestations, Cognizant is certainly able to ascertain how its outside counsel prepared for the presentations and what documents and communications formed the basis of those presentations.  Indeed, Cognizant is required to do just that by the Court's ruling.  Defendants have paved the way for Cognizant by identifying three topics that likely fall within this portion of the Court's decision—documents and communications concerning: (1) the KITS planning permit, construction variations, and the bribe demand; (2) FCPA policy development and enforcement, global risk assessments, and anti-corruption audits; and (3) other bribe demands disclosed to the Government.  ECF No. 486 at 29–38.

Cognizant's characterization of Defendants' effort to identify entries that likely fall within the third waiver category as "speculative" demonstrates the Catch-22.  Defendants do not have the documents and communications they are challenging and do not know anything about them beyond the information provided in the log entries.  But Defendants' challenges are not based on mere speculation.  Defendants, rather, have carefully analyzed the logs and specifically identified entries that appear to fall within the "reviewed and formed any part of the basis of" waiver category.  Based on the extensive disclosures Cognizant has made on the three core topics Defendants have identified, *see id.*, it is likely that documents listed on Cognizant's privilege logs concerning those topics were reviewed and formed some part of the basis of Cognizant's presentations to the Government about those topics.  Cognizant has simply refused to take any steps to apply the third waiver category to its privilege determinations.

### C.    The Documents and Communications on the Category A Subpoena Log Are Relevant to Issues for Trial

Cognizant incorrectly implies that, because the Category A subpoena sought materials "relevant to the narrow issue of investigative 'outsourcing,' as it relates to a potential pretrial motion for suppression of coerced statements of Coburn and Schwartz," Defendants' privilege challenges of these materials are mooted by the conclusion of the *Garrity/Connolly/Brady* hearing. ECF No. 488 at 17.[5]  But the materials in question remain relevant for trial, and Judge McNulty has acknowledged the considerable overlap between Category A (relevant to issues of outsourcing) and Category B (broader discovery concerning the investigation and case merits), noting that "[t]he division between Categories A and B is *far from neat*."  ECF No. 263 at 1 n.2 (emphasis added).

The motions currently before Judge McNulty include a motion to suppress statements made by the Defendants to Cognizant's outside counsel during Company interviews.  Unless and until those statements are suppressed, they will presumably be part of the Government's case at trial, and Category A discovery—including documents that bear on the Government's role in the internal investigation—therefore remains relevant.  In other words, the fact that a statement is the subject of a motion to suppress does not mean that documents concerning the reasons and conditions under which the statement was made are irrelevant beyond the motion.

---

[5]    Cognizant inaccurately states that Judge McNulty "declined" Defendants' request that the Court rule on privilege challenges relevant to a subset of entries on Cognizant's logs ahead of the *Garrity/Connolly/Brady* hearing.  *See* ECF No. 488 at 8 n.8.  Defendants had selected this subset of entries as the material that they needed most urgently to prepare for the then-upcoming hearing.  Defendants never indicated that their need for these materials would end with the completion of the hearing or the close of briefing on those issues.  And Judge McNulty did not "decline" these challenges—he simply did not address them in his April 17, 2023 opinion and then referred privilege disputes to this Court.

**D.    Cognizant Has Already Identified as Responsive Each of the Documents and Communications at Issue in Defendants' Challenges to Cognizant's Privilege Log Entries**

In attempting to avoid scrutiny of its privilege assertions and opposing Defendants' efforts to apply the Court's waiver rulings to the entries on its logs, Cognizant argues that the Court has already denied, on grounds of relevance, Defendants' requests for Rule 17 discovery on two of the topics that Defendants argue fall within the Court's third privilege waiver category: documents concerning Cognizant's FCPA policy development and enforcement, and documents concerning other instances of bribe demands disclosed to the Government.

But the issues before this Court have to do with privilege, not relevance or responsiveness. Defendants are not seeking new discovery; they are challenging privilege assertions reflected on a privilege log.  For each and every one of the documents and communications at issue, Cognizant has *already* determined that it is *responsive* to a valid request in this matter—either a request from the Government, a request in the grand jury subpoena, or a request in Defendants' approved Rule 17 subpoenas—which is why Cognizant logged the documents in the first place.  Cognizant's assertions that "Defendants are not entitled to discovery of the hundreds of documents related to [such] topics" and that Defendants' "requests are outside the scope of discovery" thus make no sense.  ECF No. 488 at 21–22.[6]

---

[6]    Cognizant similarly opposes Defendants' challenge to Cognizant's assertions of privilege over documents and communications with third parties by stating that these materials are "irrelevant" or "outside the scope of the discovery that Judge McNulty afforded to Defendants." ECF No. 488 at 16–17.  But, again, the issue of relevance is not before the Court, which has been referred privilege matters only.  The dispute concerns documents that Cognizant included on a privilege log, and by including the documents on the log, Cognizant has acknowledged and conceded that they are responsive to document requests.  It cannot now turn around and argue that its improper assertions of privilege over them should be overlooked and allowed to stand because it now believes them to be "irrelevant."  *Id.* at 17.

IV.   **THE COURT SHOULD ORDER COGNIZANT TO PRODUCE ALL DOCUMENTS AND COMMUNICATIONS IT HAS WITHHELD OR REDACTED CONCERNING DEFENDANTS' SUPPORT FOR THE COMPANY'S INVESTIGATION**

   A.   **Defendants' Request Concerning Materials Showing Their Support for Cognizant's Investigation Is Within the Scope of the Court's Referral**

Cognizant argues that Defendants' application concerning materials evidencing their support for Cognizant's internal investigation "does not fall within the scope of the referral" made to this Court.  ECF No. 488 at 23.  But the language of the Order is clear: it directs that the Defendants "identify any objections to Cognizant's *assertions of privilege* and file memoranda of law setting forth, with particularity, the legal and factual bases for their positions *and identifying any related issues* that should be addressed by the Magistrate Judge."  ECF No. 481 ¶ 1 (emphasis added).  Defendants' requests fall squarely within that language.

At the April 18 and 19 hearing, Cognizant's outside counsel, Karl Buch, who led the Company's internal investigation, acknowledged the existence of materials showing that Mr. Schwartz had encouraged employees to cooperate with the investigation, but testified that the Company "took the position that, to the extent that Mr. Schwartz was participating in the internal investigation as a member of the investigative team, that his activities were privileged."  Ex. 25, Apr. 19, 2023 Hr'g. Tr. at 369:6–18.  The issue of Cognizant's assertions of privilege over these documents (some of which appear to be recorded on Cognizant's logs), and the related issue of Cognizant's apparent failure to even log other, closely-related documents certainly falls within the scope of the Court's referral order.

   B.   **Defendants' Request Concerning Materials Showing Their Support for Cognizant's Investigation Is Not Duplicative of Defendants' Pending *Garrity/Connolly/Brady* Motions**

In Defendants' motions pending before the Court for relief pursuant to *Garrity/Connolly/Brady* and related caselaw, Defendants argue, among other things, that

Cognizant's investigation was so closely coordinated with the Government that the Government should be required to review Cognizant's files for *Brady* material.  The request made in the instant motion—that Cognizant be required to produce materials showing that the Defendants assisted and encouraged cooperation with the investigation—is entirely different.  The relief sought here does not depend on Cognizant's relationship, interactions, or coordination with the Government during the course of the Company's investigation, or on the exculpatory nature of the information at all.  Instead, it solely concerns the appropriateness of Cognizant's assertions of privilege.

Cognizant has produced otherwise privileged communications purporting to show that the Defendants interfered with Cognizant's investigation, while, at the same time (and as Mr. Buch admitted at the hearing) asserting privilege over other documents that show that Defendants in fact assisted with and encouraged cooperation with the investigation.  As Judge McNulty held, the selective use of privilege as both a sword and a shield constitutes a waiver.  ECF No. 263 at 7–9; *see also Westinghouse Elec. Corp.* v. *Republic of Philippines*, 951 F.2d 1414, 1426 n.12 (3d Cir. 1991); *Shire LLC* v. *Amneal Pharms., LLC*, 2014 WL 1509238, at *6 (D.N.J. Jan. 10, 2014).  That question is, as discussed, squarely before this Court pursuant to Judge McNulty's Order.  And, contrary to Cognizant's suggestion, ECF No. 488 at 25, Defendants do not have an obligation to prove that the documents and communications qualify as *Brady* to be entitled to their production here.  This is a privilege, not a *Brady*-related, inquiry, though, to be sure, it has implications flowing from *Brady* and its progeny for whether the Defendants will receive a fair trial.

The fact that Defendants cited some of the same documents in the *Garrity*/*Connolly*/*Brady* briefing and in their application to this Court does not, of course, render the instant application duplicative of the motion before Judge McNulty.  It is just the case that some of the same documents support and fall within the scope of both arguments.  Nor do Defendants request the

"***exact same relief***" here as in their other pending motions or "essentially, ask this Court to preempt Judge McNulty" on those motions. ECF No. 488 at 24. As noted above, in the motions before Judge McNulty, Defendants ask the Court to order the Government to search Cognizant's files for *Brady* material. Here, Defendants request that Cognizant be ordered to produce documents concerning Defendants' efforts to support the Company's investigation on the grounds that they are not properly designated as privileged.

In any event, Cognizant's reliance on the Court's prior rulings to argue against Defendants' request for these materials is misplaced. Defendants previously asked the Court to find a subject matter waiver over the entirety of Cognizant's investigation, which, as Defendants acknowledge, Judge McNulty rejected, although Judge McNulty found a "significant" waiver. *See supra* at 9. The present request, meanwhile, concerns a narrow and specific category of documents. Nor is Defendants' request foreclosed by the Court's prior rulings on Defendants' Category B Rule 17 subpoena. Request 32 of that subpoena—the quashing of which Cognizant points to as determinative of Defendants' application here—sought entirely different material from the documents and communications Defendants now seek. That prior request called for "[c]ommunications between and among Steven Schwartz, Deepa Baburaaj, Anand Bhushan, Dana Gilbert, and/or Misty Pederson, from 2009 through 2016 concerning" ten specific topics—*none* of which was the Defendants' cooperation with the investigation Cognizant and DLA conducted into the allegations that culminated in the Indictment in this case. Ex. 51, "Category B" Subpoena to Cognizant (Apr. 20, 2021). Defendants' request for materials showing their support for that investigation has thus never previously been before (much less been decided by) Judge McNulty.

### C.    Testimony at the April 18 and 19 Hearing and Cognizant's Privilege Logs Indicate that Defendants Likely Do Not Possess All of the Documents Showing Their Support for Cognizant's Investigation

Contrary to Cognizant's assertions, Defendants' request is not "vague" or speculative, nor is it merely for documents that Defendants "already possess." ECF No. 488 at 23, 27. Defendants have provided specific examples of documents showing their support for Cognizant's investigation that the Company has not produced. Exs. 20–22. Some of those examples do not appear to have been logged by Cognizant. *See* ECF No. 486 at 40–42.

That is significant: Cognizant's deficient logging of documents on this issue, combined with Mr. Buch's testimony that Cognizant claimed privilege over information concerning Mr. Schwartz's participation in the internal investigation and the steps he took to ask witnesses to cooperate with it, *see id.* at 39–40, 42–43; Ex. 25, Apr. 19, 2023 Hr'g. Tr. at 369:6–18, indicates that Cognizant is likely in possession of additional materials evidencing Defendants' support for the investigation. Defendants request that Cognizant be required to produce those materials.

## CONCLUSION

Defendants raised principled objections to categories of materials over which Cognizant has asserted privilege, hoping that Cognizant would review those entries and either provide sufficient justification in support of its privilege assertions or produce the documents as to which justifications could not be made. Cognizant, in response, could have either produced documents or explained and defended its positions. What Cognizant cannot do is respond to Defendants' challenges with vague, cherry-picked examples that purportedly support the Company's position, and then accuse Defendants of setting the Court to a laborious task which Cognizant itself has refused to undertake. Defendants do not deny that the process of resolving the extensive privilege disputes in this case may be laborious, for the Court, for the parties, and for Cognizant. Privilege is a fact-intensive determination, and, as to certain issues, there may need to be a document-by-

document review.   In the opening brief, Defendants endeavored to divide their objections to Cognizant's privilege determinations into various categories so that, if the Court thought it helpful, it could rule as to those categories.

For all these reasons, Defendants Gordon Coburn and Steven Schwartz respectfully request that the Court direct Cognizant to produce the specific documents identified in Defendants' opening submission and the charts attached to it, *see* Exs. 1–4, which raise Defendants' objections with specificity, or enter such orders as necessary for it to adjudicate the privilege disputes at issue here, as contemplated in the referral order.[7]

---

[7]   To the extent that the Court believes more time is required to resolve the privilege issues than was provided for under Judge McNulty's order—to which Cognizant consented—Defendants do not object to an extension of those deadlines and believe that the issues can still be resolved comfortably in advance of the October 2 trial date.

Dated:  June 30, 2023

Respectfully submitted,

/s/ Roberto Finzi

Theodore V. Wells, Jr.
Roberto Finzi
Justin D. Lerer
Kyle T. Sieber
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

**JONES DAY**
Henry Klehm III
Hank B. Walther
James P. Loonam
Abigael Bosch
250 Vesey Street
New York, New York 10281
(212) 326-3939

**GIBBONS P.C.**
Lawrence S. Lustberg
John D. Haggerty
Anne M. Collart
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
llustberg@gibbonslaw.com

**KRIEGER KIM & LEWIN LLP**
Nicholas J. Lewin
Oleg M. Shik
500 Fifth Avenue
New York, New York 11215
(212) 390-9559

**BOHRER PLLC**
Jeremy I. Bohrer
Jonathan E. Jason
10 Grand Central, Suite 2101
New York, New York 10017
(212) 303-3314

*Attorneys for Defendant*
*Gordon J. Coburn*

*Attorneys for Defendant*
*Steven Schwartz*