

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

March 25, 2024

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Federal Courthouse
Newark, New Jersey 07102

      Re:    <u>United States v. Gordon Coburn and Steven Schwartz</u>
              Crim. No. 19-120 (MEF)

Dear Judge Farbiarz:

      The expert testimony that Defendant Schwartz seeks to elicit from Professors DeCelles and John should be excluded because it invades the exclusive province of the jury. Assessing guilt is solely the role of the jury. However, the testimony that Schwartz proposes, that "those who are falsely accused generally react more angrily than individuals who are accurately accused" (ECF No. 651 at 1-2), does not just embrace the ultimate issue but instead *is* the ultimate issue that the jury will have to decide—*i.e.*, whether Schwartz was falsely or accurately accused. Dressed in the guise of science, DeCelles and John will opine that someone who responds with agitation or hostility when confronted with possible wrongdoing, as the jury will hear Schwartz did, is more likely to be innocent. Such testimony improperly usurps the jury's function as the final fact finder and, therefore, should be excluded.

      Schwartz's reliance on cases involving expert testimony about the fallibility of eyewitness identifications and the behavioral norms of abuse victims is misplaced. First, both types of expert testimony have been commonly deployed in criminal cases across the country for decades. *See, e.g.*, *United States v. Nolan*, 956 F.3d 71, 75 (2d Cir. 2020) ("Eyewitness identification testimony is notoriously prone to error," which "the Supreme Court recognized over a half-century ago."); *United States v. Zephier*, 989 F.3d 629, 634 (8th Cir. 2021) ("For almost 30 years, we have allowed" expert testimony on the typical behaviors of sexual-assault victims). The same is not true here. Schwartz has not pointed to a single case involving the use of an expert to opine on whether anger is a valid indicator of guilt. Nor has Schwartz identified any case where an expert has been allowed to opine on what is or is not a valid indicator of guilt, which is the exact testimony he seeks to elicit from DeCelles and John.

      Second, unlike DeCelles' and John's proposed testimony, expert testimony on the frailty of eyewitness identifications and the behavior of abuse victims aids the jury in assessing a witness's factual testimony at trial. An expert on eyewitness

identifications assists the jury in determining whether a witness's testimony that he or she recognized the defendant is reliable. *See, e.g.*, *United States v. Stevens*, 935 F.2d 1380, 1400 (3d Cir.) (involving two eyewitness identifications at trial). Similarly, expert testimony about the behavioral norms of abuse victims provides the jury with tools for assessing the truthfulness of a victim's testimony. *See United States v. Bighead*, 128 F.3d 1329, 1331 (9th Cir. 1997) (upholding expert testimony on the characteristics of child sexual abuse victims because the expert's testimony "rehabilitated . . . the victim's credibility after she was cross-examined about the reasons she delayed reporting and about the inconsistencies in her testimony"), overruled on other grounds by *United States v. Halamek*, 5 F.4th 1081, 1087-88 (9th Cir. 2021); *see also Zephier*, 989 F.3d at 634 (involving testimony from an abuse expert where victim testified at trial); *United States v. Lopez*, 913 F.3d 807 (9th Cir. 2019) (vacating conviction after district court excluded expert testimony on Battered Woman Syndrome where such testimony could have bolstered the defendant's testimony that she acted under duress).

Unlike the types of expert testimony on which Schwartz relies, DeCelles' and John's testimony will not help the jury assess the credibility or reliability of a particular witness's testimony because no Government witness will testify about whether he or she viewed Schwartz's reactions as indicative of guilt. Dana Gilbert, Fransico D'Souza, and Gray Stratton will merely describe their interactions with Schwartz between August 20 and September 23, 2016. As such, the proposed expert testimony is an improper attempt to cloak Schwartz's arguments about how the jury should view those interactions in the impressionable veil of expert opinions. This is not an appropriate use of expert testimony.

For these reasons, the Government respectfully asks that the Court exclude expert testimony from DeCelles and John.

Respectfully submitted,

| | |
|---|---|
| GLENN S. LEON | PHILIP R. SELLINGER |
| Chief, Fraud Section, Criminal Division | United States Attorney |
| U.S. Department of Justice | |
| | |
| */s/ Sonali D. Patel* | */s/ Jonathan Fayer* |
| */s/ Shy Jackson* | |
| _____ | _____ |
| SONALI D. PATEL | JONATHAN FAYER |
| SHY JACKSON | Assistant U.S. Attorney |
| Trial Attorneys | District of New Jersey |