# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3808
jloonam@jonesday.com

April 25, 2024

VIA ECF

The Honorable Michael E. Farbiarz
United States District Judge, U.S. District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square, Newark, N.J. 07102

   Re: United States v. Coburn and Schwartz, 19-cr-120 (MEF)

Dear Judge Farbiarz:

  We respectfully submit this letter pursuant to the Court's order dated April 18, 2024 (ECF No. 668). At present, Mr. Coburn intends to call at trial the following expert witnesses: (1) Yaniv Schiff, a digital forensics expert;[1] (2) Ashok Upadhyay, an Indian construction permitting expert;[2] (3) Todd Rahn, an accounting and internal controls expert for the construction industry; and (4) Michael Hostettler, a construction contract execution expert, regarding, *e.g.*, the merits and substantiation of the specific KITS variation claims at issue.[3] In addition, in light of the Court's order permitting the government to argue that Mr. Coburn had financial incentives to authorize a bribe to obtain the KITS planning permit (ECF No. 666), Mr. Coburn plans to call (5) Mark Zmijewski, a financial economics expert, regarding Cognizant's stock performance relative to the KITS facility; and (6) Alan Nadel, an executive compensation expert, regarding Mr. Coburn's compensation under Cognizant's Incentive Compensation Plan.

             Respectfully submitted,

             */s/ James P. Loonam*
             James P. Loonam

---

[1] Defendants are evaluating whether we can jointly call one digital forensics expert, either Mr. Schiff or Brett Harrison. We will endeavor to call one witness at trial if we can do so without prejudice to our client.

[2] Defendants are evaluating whether we can jointly call one permitting expert, either Mr. Upadhyay or Jessica Seddon. We will endeavor to call one witness at trial if we can do so without prejudice to our client.

[3] Based on the government's representation that "[t]his is not a case involving fake claims for goods and services that were never provided," ECF No. 535, Defendants offered to withdraw Mr. Hostettler if the government would stipulate that it does not contest that the variation items worth "roughly 3.7 million" (Indict. ¶ 24) were actually provided to Cognizant for that value. We understand that the government is not contesting this issue, but it declined to enter into a stipulation. If the government stipulated that it does not contest that these goods and services were provided for roughly the value assigned, Mr. Coburn would agree to withdraw Mr. Hostettler as an expert witness.