UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GORDON J. COBURN and STEVEN SCHWARTZ | **Hon. Michael E. Farbiarz**<br><br>Criminal No. 19-120 (MEF) |

**MEMORANDUM OF LAW IN SUPPORT OF NONPARTY DEBEVOISE'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO TESTIFY**

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, nonparty Debevoise & Plimpton LLP, on its own behalf and on behalf of David A. O'Neil and any other partner, retired partner, or other Debevoise attorney who may be called to testify (collectively, "Debevoise") moves to quash the third-party testimony subpoena (the "Testimony Subpoena") dated April 15, 2024 and prepared by Gordon Coburn and Steven Schwartz (collectively, "Defendants") in connection with a lawsuit pending in the United States District Court of New Jersey.[1] Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, this Court is the proper forum for motions to quash because the Testimony Subpoena demands compliance in this district.

**PRELIMINARY STATEMENT**

Defendants seek to require testimony from a Debevoise lawyer during a trial set to begin on September 9, 2024 in the District of New Jersey involving charges that Defendants violated and conspired to violate provisions of the Foreign Corrupt Practices Act in connection with a

---

[1] *United States of America v. Gordon J. Coburn & Steven Schwartz*, Case No. 19-120 (D. NJ).

construction project in India for Cognizant Technology Solutions Corporation ("Cognizant"). *See* Dkt. 1 at ¶¶ 2-3.

Defendants have previously unsuccessfully sought discovery from Debevoise's client, non-Party Larson & Toubro Construction ("L&T Construction"), in the United States. *See* Dkt. 268. Thereafter, Defendants unsuccessfully sought discovery from Debevoise's client in India by means of a letter rogatory. *See* Dkt. 396. After that request was rejected, Defendants availed themselves of the United States Department of Justice's powers under the United States' Mutual Legal Assistance Treaty with India to request that Indian authorities seek discovery from Debevoise's client on their behalf. *See* Dkt. 609. Having failed in all of these attempts, Defendants now seek to intrude on the attorney-client relationship and attorney work product doctrine to obtain testimony on matters that could easily be stipulated by the parties to this proceeding.

Debevoise was retained by L&T Construction to conduct an internal review (the "Internal Review") relating to L&T Construction's relationship with Cognizant, including . The basic facts of the Internal Review—i.e., the number of documents reviewed, number of documents produced, number of individuals interviewed, communications by Debevoise on behalf of its client to DOJ, etc.—are uncontested and available to Defendants in: (i) the various productions

that L&T Construction made to DOJ, which were produced to Defendants; (ii) earlier pleadings before this court; and (iii) DOJ work product (including notes of discussions with Debevoise) and other documents produced by DOJ to Defendants.

Any information beyond the basic information described above—investigative choices made by Debevoise or opinions regarding the same, conclusions or opinions as to the evidence Debevoise reviewed, information regarding public statements made by L&T Construction or its affiliates, or statements made by employees of L&T Construction during the course of the Internal Review—is inadmissible hearsay and/or protected by the attorney-client privilege and/or attorney work product doctrine.  Moreover, Debevoise believes that both testimony about basic facts of the investigation (described above) and the privileged and/or hearsay testimony Defendants may wish to elicit will also be subject to relevance and other objections by the United States government.  While Debevoise is willing to work with the parties to assist with stipulations or authenticate documents authored by it, Debevoise believes that attendance at trial to testify to what should be uncontested matters would be unduly burdensome for the Debevoise attorneys with the most personal knowledge of the Internal Review, both of whom reside far from the District of New Jersey.

Debevoise now moves this Court to quash the Testimony Subpoena on the basis that the testimony sought is (1) unnecessarily duplicative of evidence already in Defendants' possession, the admissibility of which is already the subject of motions in limine before this court; (2) protected by the attorney-client privilege and attorney work product doctrine; or (3) inadmissible hearsay, as set forth below.

BACKGROUND

In October 2016, Debevoise was retained by L&T Construction to represent L&T Construction ███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████. Background regarding Debevoise's involvement with this matter was the subject of pleadings before this court and can be found in the Smith Declaration. Based on prior briefing in this case, Debevoise understands that everything L&T Construction produced to DOJ, including documentary evidence reviewed during the Internal Review, as well as DOJ's notes of its conversations with Debevoise, have been shared with Defendants. *See, e.g.,* Dkt. 501 at 53-56.

No action was taken against L&T Construction when DOJ indicted Defendants and declined to prosecute Cognizant. Following DOJ's indictment of Defendants, Larsen & Toubro Limited ("L&T Ltd."), the parent company of L&T Construction, made a series of statements to the Indian Stock Exchange. *See* Dkt 501, Exs. 37-42. Debevoise did not represent L&T Ltd. in connection with these matters. *See* Smith Decl. at ¶35.

On April 5, 2021, this Court granted Defendants leave to serve a Rule 17 subpoena seeking discovery from L&T Construction (the "Rule 17 Subpoena"). L&T Construction subsequently informed Defendants that L&T Construction would not accept service of the Rule 17 Subpoena, and on June 20, 2021, Defendants filed a Motion to Compel L&T Construction's

4

compliance with the Rule 17 Subpoena.  Dkt. 167.  In response, L&T Construction filed a motion to quash the Rule 17 Subpoena on the grounds that this Court lacks jurisdiction over L&T Construction and that the subpoena was inconsistent with Rule 17.  Dkt. 188.  Retired Debevoise partner Colby A. Smith submitted a declaration on July 5, 2021 in support of L&T Construction's Opposition to Defendants' Motion to Compel in which Mr. Smith described Debevoise's representation of L&T Construction, the Internal Review, and Debevoise's communications with DOJ related to the Internal Review.  *See* Smith Decl.  On February 1, 2022, this Court granted L&T Construction's motion to quash Defendant's Rule 17 Subpoena on the ground that L&T Construction and its parent entity did not have sufficient minimum contacts with the United States to establish personal jurisdiction over L&T Construction.  *See* Dkt. 268 at 28-31.  L&T Construction, therefore, is not a party to these proceedings.  Debevoise understands that Defendants thereafter sought evidence from India through letters rogatory, which were rejected, and, through the United States government, a request under the Mutual Legal Assistance Treaty between the United States and India which is apparently still pending.

On March 5, 2024, Defendants served a Subpoena to Testify at a Hearing or Trial in a Criminal Case addressed to Debevoise partner David O'Neil.  *See* Declaration of Philip Rohlik in Support of Nonparty Debevoise's Motion to Quash Defendants' Subpoena to Testify (hereinafter "Rohlik Decl."), Ex. A at *3-5; Rohlik Decl. at ¶5.  The cover letter accompanying the subpoena (*see* Rohlik Decl., Ex. A at *1-2) explains that Defendants "intend to elicit testimony from a Debevoise lawyer at trial"[2] concerning four topics:

---

[2] As explained further below, Mr. Smith is the Debevoise attorney with the most direct and detailed personal knowledge of the Internal Review and the topics that Defendants intend to elicit from a Debevoise attorney at trial.  However, Debevoise reserves the right to substitute

5

- "Testimony to the effect that Debevoise was retained by Larsen & Toubro Ltd. ("L&T") ██████████████████████████████████████████████████████████.

- Testimony that L&T, through Debevoise and an Indian law firm named Cyril Amarchand Mangaldas ("CAM"), conducted an internal review of certain construction projects ██████████████████████████████████████████████████████████████████████████.

- Testimony concerning the scope, methodology of, and limitations on that review, including that as part of this review ██████████████████████████████████████████████████████████████████████████████████████████████████████████; and

- Testimony regarding the results of the internal review as communicated to the Department of Justice and other regulators." Rohlik Decl., Ex. A at *1-2.

Debevoise notified L&T Construction of the subpoena, and L&T Construction instructed Debevoise that L&T Construction does not intend to waive any applicable privileges, including the attorney-client privilege and attorney work product protection, with respect to Debevoise's representation of L&T Construction in connection with the Internal Review and related matters. *See* Rohlik Decl. at ¶6.

In early April 2024, upon learning that the start date of the trial in this matter was adjourned, Defendants withdrew their March 5, 2024 testimony subpoena and reissued a new Subpoena to Testify at a Hearing or Trial in a Criminal Case addressed to Mr. O'Neil dated April 15, 2024, which reflects the new trial date of September 9, 2024 (the "Testimony Subpoena"). *See* Rohlik Decl., Ex. B; Rohlik Decl. at ¶7.

---

a different appropriate witness depending on the Court's rulings on the scope of Debevoise's trial testimony, if any.

6

## LEGAL STANDARD

The issuance of subpoenas to obtain documents (subpoena *duces tecum*) and testimony (subpoena *ad testificandum*) from non-parties is governed by Federal Rule of Criminal Procedure 17 in the criminal context and Federal Rule of Civil Procedure 45 in the civil context. With respect to subpoenas seeking documents, the Federal Rules of Criminal Procedure provide that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). However, the Federal Rules of Criminal Procedure are silent on the procedure for moving to quash a subpoena seeking testimony. And while there is no Third Circuit precedent on point, other circuits have stated that "[r]oughly the same standard applies" for a subpoena *duces tecum* and a subpoena *ad testificandum*, and courts may apply "comparable principles" when considering such subpoenas. *Stern v. U.S. Dist. Court for the Dist. Of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000); *see also United States v. Robinson*, No. 3:21-CR-0027-001, 2023 WL 7091880, at *5–6 (D.V.I. Oct. 25, 2023), *appeal dismissed sub nom. USA v. Robinson*, No. 23-2935, 2023 WL 11157878 (3d Cir. Nov. 8, 2023) (quoting *Stern*). The United States Supreme Court has explained that the appropriate factors for courts to consider regarding Rule 17 subpoenas for documents include relevancy, admissibility, and specificity. *United States v. Nixon*, 418 U.S. 683, 699–700 (1974). Likewise, courts have adopted the "comparable principles" approach explained in *Stern* by holding that a subpoena seeking testimony may "survive[] scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Stern,* 214 F.3d at 17. Additionally, a court may quash a subpoena *ad testificandum* if it finds that the requested testimony would be "either cumulative or immaterial." *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973).

7

When considering whether testimony is cumulative, at least one circuit has found that testimony may be sufficiently cumulative to justify quashing a subpoena if the evidence requested may be obtained through an existing declaration, testimony, or some combination thereof already in the record.  *See United States v. Bebris*, 4 F.4th 551, 562 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 489 (2021) (upholding district court's decision to quash a subpoena seeking testimony from an employee of a non-party company when a declaration from an employee of that company and other related testimony was already in the record).  Other factors cited in Federal Rule of Evidence 403 have also factored into courts' consideration of motions to quash Rule 17 subpoenas, namely including whether the sought-after testimony's probative value was substantially outweighed by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *See United States v. LeBeau*, 867 F.3d 960, 976 (8th Cir. 2017) (holding that district court did not abuse its discretion in quashing a subpoena seeking testimony after finding that the testimony's probative value would likely be substantially outweighed by the risk of unfair prejudice).

Federal Rule of Civil Procedure 45 provides additional guidance on appropriate considerations with respect to a motion to quash a subpoena seeking testimony, albeit in the civil context.  In particular, Rule 45 mandates that a court quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," "subjects a person to undue burden," or "requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(d)(3)(A).  And when evaluating whether compliance with a subpoena constitutes an undue burden, courts consider whether the burden of compliance outweighs the potential benefit to be obtained.  *See In re Kayati*, 2018 WL 2059800, at *9 (D.N.J. Bankr. Apr. 30, 2018) ("in determining whether modifying or quashing is appropriate,

the Court must weigh (1) the burden upon the subpoenaed party against (2) the value of the information to the serving party"); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (to balance interests served by a subpoena against its burden courts consider "whether the information is necessary and whether it is available from any other source").

A trial subpoena must involve proposed testimony that is both relevant and admissible. *See Blue Gentian v. Tristar Prods.*, 2019 WL 13165269, at *2 (D.N.J. Jan. 18, 2019) ("[i]f proposed testimony is not relevant — or relevant but inadmissible — a court should quash the subpoena"); *Torain v. City of Philadelphia*, 2023 WL 3136128, at *2 (E.D. Pa. Apr. 27, 2023) (first inquiry for a trial subpoena is "whether the proposed testimony is relevant and admissible"). The proposed testimony must also fall within the scope of discovery set forth in Rule 26(b), which limits discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See Torain*, 2023 WL 3136128, at *2 (Rule 45 subpoena "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)"); *Duran v. County of Clinton*, 2019 WL 2867273, at *6 (M.D. Pa. July 2, 2019) (Third Circuit courts "regularly quash Rule 45 subpoenas that seek information falling outside the proper scope of discovery as defined by Rule 26(b)(1)").

Additionally, a non-party is afforded a greater degree of protection under the undue burden standard than a party to the litigation. *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, 2022 U.S. Dist. LEXIS 108271, at *7 (D.N.J. June 17, 2022) (*quoting Gould v. O'Neal*, 2019 U.S. Dist. LEXIS 165283, *11 (D.N.J. Sept. 26, 2019) ("[t]hat the subpoena is directed to a nonparty is also an appropriate consideration in this undue burden calculus")). Though not dispositive, an undue burden can often be shown when information sought from a

9

non-party can be easily obtained from a party.  *See Korotki*, 2022 U.S. Dist. LEXIS 108271, at *7.

## ARGUMENT

The Testimony Subpoena must be quashed because (other than information already contained in the Smith Declaration) the testimony sought by Defendants is (i) duplicative of other evidence that is already in Defendants' possession, the admissibility of which is subject to motions in limine already before this court; (ii) protected by the attorney-client privilege and the attorney work product doctrine; (iii) inadmissible hearsay; and/or (iv) unduly burdensome.

I. **Non-Privileged, Non-Hearsay Testimony That Could Be Provided by a Debevoise Attorney Is Easily Obtainable From Information Already in the Record to the Extent It Is Not Already Subject to Evidentiary Objections by the Government.**

A. Testimony Regarding Debevoise's Engagement and Subjects of Internal Review

As noted above, in their cover letter accompanying the Testimony Subpoena, Defendants identified four topics of testimony that they "intend to elicit from a Debevoise lawyer at trial." *See* Rohlik Decl., Ex. A at *1-2.  The first two topics identified by Defendants call for testimony that Debevoise was retained by L&T Construction[3] in connection with a government investigation of alleged bribe payments in India, and testimony that L&T, through Debevoise and CAM, conducted an internal review of certain construction projects that L&T undertook on behalf of Cognizant, including the KITS project. *Id*.

---

[3] As set forth in the Smith Declaration, Debevoise represented L&T Construction and not L&T Limited or any other member of the L&T Group.  Smith Decl. at ¶35.

10

As far as Debevoise is aware, there is no dispute between the parties as to either of these facts. That information is contained in the Smith Declaration and various production letters and other materials in Defendants' possession.

The Smith Declaration specifically states that ███████████████

███████████████████████████████████

███████████████████████████████████

███████████ Smith Decl. at ¶12. ███████████████████

███████████████████████████████████

███████████ *Id.* at ¶17. ███████████████████

███████████████████████████████████. *Id.* at ¶¶20, 24. Defendants should not be permitted to require Mr. Smith—or any other Debevoise attorney—to repeat these same points again at trial. *See Young v. Pleasant Valley Sch. Dist.*, 2011 U.S. Dist. LEXIS 92518, at *4-5 (M.D. Pa. Aug. 18, 2011) (granting motion to quash based on parties' ability to stipulate to authenticity of documents pre-trial); *see also Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *3 (S.D.N.Y. May 5, 2022) (granting motion to quash based on lack of "evidentiary force" defendants could obtain at trial from parties who agreed to stipulate to lack of personal knowledge on requested testimony topics).

B.  Testimony Regarding the Internal Review

Through the Testimony Subpoena, Defendants also seek testimony "concerning the scope, methodology of, and limitations on [the Internal Review], including that as part of this review Debevoise and CAM ███████████████████

███████████████████████████████████

███████████████████████████████████

11

Rohlik Decl., Ex. A at *1-2. Again, non-privileged testimony regarding Debevoise's investigation, including the number of documents reviewed, etc., is already reflected in the Smith Declaration.

The Smith Declaration plainly states that during the Internal Review,  Smith Decl. at ¶37. The Smith Declaration also notes that Smith Decl. at ¶38. As discussed below, additional testimony regarding the scope, methodology, or limitations of the Internal Review are privileged.

    C.    <u>Testimony Regarding the Results of the Internal Review as Communicated to the Department of Justice and Other Regulators</u>

Finally, Defendants seek testimony regarding Debevoise's communications with the Department of Justice and other regulators. As an initial matter, there were no communications with or presentations to "other regulators" involving Debevoise. *See* Rohlik Decl. at ¶4. The only presentation made by Debevoise to DOJ (on July 27, 2017) was attached at Exhibit B of Defendants' Motion to Compel. Dkt. 167-4. And with regard to Debevoise's communications with DOJ, written communications from Debevoise as well as DOJ's notes of spoken communication are already in Defendants' possession. *See, e.g.*, Dkt. 501 at 53-56.

Other non-privileged information sought by Defendants relating to the Internal Review is also already in Defendants' possession. It can be found in the materials produced by L&T Construction, notes and other materials created or maintained by the Government (including

12

notes of interviews conducted by the Government and notes of the Government's communications with Debevoise). *See, e.g.*, Dkt. 500-1 at 63-66.  Debevoise cannot authenticate documents produced by L&T Construction or testify on behalf of individuals in India.  As to the question of what was *not* found as part of the Internal Review, there are already representations in the record that "the government … 'does not possess evidence sufficient to identify the specific foreign official or third-party consultant involved in the bribe payment.'"  Dkt. 74.

Debevoise understands that other information in Defendants' possession is subject to or potentially subject to motions in limine between the parties.  To the extent that such information is ruled admissible, it should either be admitted at trial or become the subject of a stipulation between the parties.  Testimony from Debevoise would be unreasonably cumulative and should not be required.  To the extent that Defendants require Debevoise to repeat what is in the Smith Declaration or to authenticate the July 27, 2017 presentation or any other document *authored by Debevoise*, Debevoise is prepared to do so in theory, but believes that requiring attendance at trial would be unduly burdensome.  *See Young*, 2011 U.S. Dist. LEXIS 92518, at *3-5 (subpoena was unduly burdensome because it required an employee to travel more than 120 miles to testify for the sole purpose of authenticating documents that were self-authenticating).

**II.     Any Additional Testimony Sought by Defendants Is Privileged.**

To the extent Defendants seek testimony regarding the scope, methodology, and limitations of the Internal Review that is not already in the record, or testimony regarding Debevoise's mental impressions, that information is protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

13

      A.      <u>Additional Information Concerning the Scope, Methodology, and Limitations of the Internal Review Is Protected Attorney Work Product</u>

The Smith Declaration and other materials already in the record (described above) set forth the underlying facts of the Internal Review, including those requested by Defendants in the Testimony Subpoena. Any other information concerning the scope, methodology, and limitations of the Internal Review aside from what can be found in these documents, which are already in the record, is protected from disclosure by the attorney-client privilege and the attorney work product doctrine. This includes impressions or recollections of conversations with L&T Construction employees and Debevoise attorneys' mental impressions and/or judgments regarding evidence obtained during the Internal Review. *See Upjohn Co. v. United States*, 449 U.S. 383, 396-97 (1981) (communications between attorneys and employees in connection with an internal investigation are protected by the attorney-client privilege and attorney's notes, memoranda, and files pertaining to the employees' statements are work product that is entitled to "special protection"). Both fact and opinion work product created by Debevoise during the Internal Review warrant protection under the work product doctrine. *See In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir. 1979) (work product doctrine applied to both employee questionnaires and interview memoranda drafted during internal investigation); *In re Appeal of Hughes*, 633 F.2d 282 (3d. Cir. 1980) (investigator could not be compelled to testify about the results of interviews he conducted because "an examination into his recollection of the interview might have indirectly revealed his, and [the attorney's] mental processes"); *see also In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 379 (E.D. Pa. 2006) (testimony regarding in-house counsel's recollection of facts learned during internal investigation would be "so intertwined with mental impressions that it amounts to opinion work product").

L&T Construction produced █████████████████████ documents to DOJ which can form the basis of arguments to the jury (subject to evidentiary objections by the Government). Defendants' counsel are more than able to make such arguments without reliance on Debevoise's privileged impressions of the same evidence in its work product. Defendants have made no showing that Debevoise is in possession of facts that are not in the possession of Defendants or that "rare and exceptional circumstances" are present that would require Debevoise to disclose its impressions or other opinion work product. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 664 (3d Cir. 2003) (opinion work product is discoverable only under "rare and exceptional circumstances").

Moreover, this Court has already acknowledged the applicability of privilege over internal investigations in the context of Cognizant's internal investigation into the issues at hand. *See* Smith Decl. at ¶35; *United States v. Coburn*, 2022 WL 357217, at *7 (D.N.J. Feb. 1, 2022) ("by its nature [Cognizant's internal investigation] consists of attorneys' fact gathering for the purpose of rendering legal advice"). This court found Cognizant engaged in a "significant waiver" of attorney-client privilege in connection with its cooperation with DOJ. Dkt. 268. While this court did not address potential waiver by L&T Construction, L&T Construction's limited fact-based cooperation with DOJ is not comparable to Cognizant's broad disclosures that resulted in waiver. L&T Construction did not provide "detailed accounts" of interviews or disclose other privileged information. *Id.* at 13. L&T Construction's cooperation with DOJ was factual and is already in the possession of Defendants. Unlike Cognizant, Debevoise therefore cannot be compelled to testify regarding additional information about the Internal Review, as such information continues to be protected by the attorney-client privilege and the work product doctrine. *See, e.g., In re Martin Marietta Corp.*, 856 F.2d 619, 625-626 (4th Cir.1988) (finding

15

that disclosure to the federal government of non-opinion work product did not waive opinion work product); *Informatica Corp. v. Business Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963, 2006 WL 2038461, at *6 (N.D.Cal. 2006) (citing *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. May 1, 2006) (finding that "work-product waiver only extends to 'factual' or 'non-opinion' work product concerning the same subject matter as the disclosed work product.").

> B. Communications (if any) between Debevoise and L&T Construction Regarding Statements Made by L&T Construction to Other Regulators (or by L&T Ltd. to Stock Exchanges in India) Are Protected by the Attorney-Client Privilege

Any information that Debevoise may have concerning L&T Construction's communications with "other regulators," as requested in the fourth topic identified in Defendants' cover letter accompanying the Testimony Subpoena, is protected by the attorney-client privilege. Aside from DOJ, Debevoise did not present to, or communicate with, any other regulators, including the Indian Stock Exchange. *See* Rohlik Decl. at ¶4. Of course, to the extent Defendants seek testimony from a Debevoise attorney regarding communications between Debevoise and its client regarding public statements or statements to other regulators, those communications are clearly protected by the attorney-client privilege. *See Jorjani v. New Jersey Inst. of Tech.*, 2023 WL 2986694, *7 (D.N.J. Apr. 18, 2023) (legal advice regarding outside activities and response to a media inquiry remained privileged). Defendants have not indicated, and cannot show, that L&T Construction has waived its attorney-client privilege with respect to any such communications, nor can Defendants establish that any exception to the attorney-client privilege applies to the communications.

### III.   Certain Testimony Sought by Defendants Is Inadmissible Hearsay.

Any information that Defendants could elicit through Debevoise's testimony regarding what others told Debevoise during the course of its investigation is inadmissible hearsay and, to the extent that such testimony would fall under an exception to the hearsay rules, it would be duplicative of testimony available in FBI notes of DOJ interviews with relevant individuals (which Debevoise understands are already the subject of motions in limine between the parties). As explained above, Debevoise did not communicate with any regulators aside from DOJ in connection with the Internal Review or the firm's representation of L&T Construction. Debevoise cannot testify as to what others said to regulators or in newspaper articles, and requiring Debevoise to attend trial to testify regarding inadmissible hearsay would be unduly burdensome and unnecessary. *See Blue Gentian*, 2019 WL 13165269, at *2 (if proposed testimony is "relevant but inadmissible – a court should quash the subpoena"); *Young*, 2011 U.S. Dist. LEXIS 92518, at *6 (in granting motion to quash, court noted that any testimony related to one proposed topic would constitute hearsay); *see also Duran*, 2019 WL 2867273, at *6 (motion to quash granted because testimony was irrelevant and attendance at trial would impose an undue burden").

### IV.   Requiring Trial Testimony from Debevoise Would Be Unduly Burdensome.

As described above, Debevoise believes that, with the exception of the Smith Declaration, the testimony sought by the subpoena is either: (i) duplicative of information already available to Defendants, the admissibility of which is the subject of various motions in limine between the parties; (ii) privileged; or (iii) hearsay.  Any question posed to a Debevoise witness by Defendants would elicit testimony identical to the Smith Declaration, a refusal to answer on the grounds of privilege, or objections from the government.

It would be unduly burdensome to require a witness to attend trial to testify to undisputed facts already in the Smith Declaration, refuse to respond on the basis of privilege, or be prevented from responding based on government objections. *See In re Kayati*, 2018 WL 2059800, at *7 ("minimal probative value" of party's testimony outweighed by burden of missing work, traveling, and paying counsel). Moreover, as Debevoise's work for L&T Construction relevant to this trial was largely completed six years ago, there are only two attorneys still at Debevoise with detailed personal knowledge of the Internal Review, both of whom would have to travel hundreds or thousands of miles to testify in this court. Mr. Smith is a retired Debevoise partner, living in Colorado and Utah.[4] Other than Mr. Smith, Philip Rohlik was present for all the work Debevoise did in India and the July 27, 2017 presentation, but was not present on most of the telephonic communications between Debevoise and DOJ. His absence from these phone calls was due to the same reason that his attendance at trial would be burdensome—he was (and is) based in China, over 7,000 miles away.[5]

---

[4] Debevoise notes that Mr. Smith has a previously planned vacation from September 23 to September 29.

[5] Additionally, as non-parties who reside and work significantly further than 100 miles from where the trial will take place and who are not residents of, employed in, or regularly transact in-person business in the State of New Jersey, Mr. Smith and Mr. Rohlik fall outside the bounds of Rule 45(c) of the Federal Rules of Civil Procedure and could not be compelled to testify under that rule. Fed. R. Civ. P. 45(c); *see also Havens v. Maritime Comms./Land Mobile, LLC*; 2014 WL 2094035 (D.N.J. May 20, 2014) (granting motion to quash trial subpoena for two non-parties who lived and worked in California and did not regularly transact business in New Jersey where trial was to be held); *Expansion Cap. Grp., LLC v. Patterson*, 2020 WL 42786, at *2 (D. Del. Jan. 3, 2020) (granting motion to quash deposition subpoena of Puerto Rico resident who only traveled to Delaware occasionally for vacation).

## CONCLUSION

For the above reasons, Debevoise respectfully requests that the Court enter an Order directing that the Testimony Subpoena served by Defendants on April 15, 2024 (Rohlik Decl., Ex. B) be quashed.

Dated: New York, New York
       June 7, 2024

Respectfully submitted,

/s/ Megan K. Bannigan
Megan K. Bannigan
DEBEVOISE & PLIMPTON LLP
66 Hudson Blvd
New York, NY 10001
(212) 909-6000
mkbannigan@debevoise.com

David O'Neil (not admitted to USDC-NJ bar)
Mark D. Flinn (not admitted to USDC-NJ bar)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com
mflinn@debevoise.com

Philip Rohlik (not admitted to USDC-NJ bar)
DEBEVOISE & PLIMPTON LLP
13/F, Tower 1
Jing'an Kerry Centre
1515 Nanjing Road West
Shanghai 200040
86 21 5047 1800
prohlik@debevoise.com

*Counsel for Debevoise & Plimpton LLP, on its own behalf and on behalf of David A. O'Neil and any other partner, retired partner, or other Debevoise attorney who may be called to testify*