

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street*      *973-645-2700*
*Newark, New Jersey 07102*

July 26, 2024

<u>VIA CM/ECF</u>

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Federal Courthouse
Newark, New Jersey 07102

        Re:   <u>United States v. Gordon Coburn and Steven Schwartz</u>
              Crim. No. 19-120 (MEF)

Dear Judge Farbiarz:

    The Government respectfully submits this letter to request an adjournment of the trial date in this matter and an associated exclusion of time under the Speedy Trial Act. Defendants do not object to this request but intend to submit letters further explaining their positions regarding the trial date.

    For the reasons set forth below, an adjournment until approximately February 2025 would increase the likelihood that the jury will be able to evaluate the testimony of the witnesses in India, subject them to cross-examination, and preclude the potential for the admission of rank hearsay. While the Government disputes the Defendants' due process claims, such depositions would also moot part (if not all) of the pending motions. Accordingly, although the Government is prepared to proceed to trial in September, an adjournment to allow time to obtain such testimony would serve the interests of justice and outweighs the public's right to a speedy trial.

I.    <u>Adjournment and Speedy Trial</u>

    As the Court is aware, the MLAT request seeking depositions of the seven defense witnesses in India has been pending since January 11, 2024. For the reasons set forth previously, including in its July 22, 2024 letter submitted *ex parte* and under

seal, the Government is not optimistic that such depositions will occur sufficiently in advance of the September 9, 2024 trial date.[1]

As the Government has previously stated, at this stage, securing the depositions is the most effective way to secure a fair trial. Cross-examination is, of course, the "greatest legal engine ever invented for the discovery of the truth." *Lilly v. Virginia*, 527 U.S. 116, 124 (1999) (quoting *California v. Green*, 399 U.S. 149, 158 (1970)). Such depositions would be preferable over the introduction of an agent's summaries of unsworn witness statements from six years ago, even with appropriate contextualization, because the jury would be deprived of the opportunity to evaluate the witnesses' credibility and demeanor.[2]

As set forth previously, including in its July 22 letter, the Government respectfully submits that it been acting expeditiously to try to secure the execution of the MLAT request. The request has been pending with Indian authorities for approximately six months, and although the Government cannot represent the comparative likelihood of execution by February 2025 versus this summer, allowing a modest period of additional time will of course increase the chance that the depositions occur, particularly in light of the Government's continuing efforts. Indeed, even counsel for Defendant Coburn has indicated their belief that such MLAT requests typically take at least one year to execute.

An adjournment to increase the likelihood of carrying out the depositions would also help satisfy the Defendants' claim of purported error that would result from proceeding to trial without securing these depositions. In Coburn's motion, he asserted that proceeding without these witnesses' deposition testimony would be reversible error. Although the Government strongly disagrees with that assertion, and Coburn appears to have altered his position upon questioning by the Court at the last hearing, an adjournment would help eliminate any alleged prejudice. At a minimum, an adjournment would obviate the need for the Court to adjudicate issues surrounding the appropriate contours of due process. Although Defendant Schwartz has indicated that admitting the 302s of the three witnesses the Government has interviewed will not moot his broader due process motion, the Government is hard-pressed to identify even any theoretical remaining due process issues should these depositions occur.

---

[1] As set forth in its July 22 letter, the Government will continue to try to secure the MLAT request's execution as soon as possible.

[2] It is not clear whether these witnesses would even answer all of the Government's (or the Defendants') questions and instead would invoke their right against self-incrimination, particularly as the Indian authorities are presently investigating the conduct at issue. Counsel for the three witnesses previously interviewed by the Government have represented that they would not voluntarily travel to the United States to testify at trial or voluntarily sit for Rule 15 depositions. Counsel has stated, however, that if the witnesses are compelled to sit for depositions, they cannot now represent whether or not their clients would invoke such right.

The Government appreciates that, notwithstanding the Defendants' lack of objection, the Court must independently consider the public's right to a speedy trial. And the Government is prepared to proceed to trial in September 2024. But the Government respectfully submits that an adjournment until approximately February 2025 would only increase the ability to effectively seek the truth in this matter, and that this outweighs any harm to the public's interest in a speedy trial posed by an adjournment.

Such adjournment would also be consistent with the Speedy Trial Act. Most importantly, for the reasons set forth above, an adjournment would serve the "ends of justice" by increasing the likelihood that the witnesses will be deposed. 18 U.S.C. § 3161(h)(7)(A). Further, the Court has previously found that this is an unusual or complex case within the meaning of § 3161(h)(7)(B)(ii), s*ee, e.g.*, ECF No. 693, and in fact the case's complexity has led to the present circumstances. Defendants' pending due process motions, which are implicated (if not mooted) by the potential depositions, also toll the Speedy Trial clock. *See* 18 U.S.C. § 3161(h)(1)(D). Finally, both defendants, who are not in custody, do not object to this request.

II.     Briefing Schedule

In light of the instant request, as well as the ongoing discussions between the parties about these issues, the Government respectfully requests that its opposition to the pending due process motions, and the Defendants' reply, be adjourned by one week. If this request is granted, the Government's opposition would be due on August 5 and the Defendants' reply would be due on August 12. The Defendants consent to this request.[3]

Respectfully submitted,

| | |
|---|---|
| GLENN S. LEON | PHILIP R. SELLINGER |
| Chief | United States Attorney |
| | |
| */s/ Keith D. Edelman* | */s/ Jonathan Fayer* |
| */s/ Connor Mullin* | */s/ Rachelle Navarro* |
| */s/ Paul G. Ream* | |
| | |
| KEITH D. EDELMAN | JONATHAN FAYER |
| CONNOR MULLIN | RACHELLE NAVARRO |
| PAUL G. REAM | Assistant U.S. Attorneys |
| Fraud Section, Criminal Division | District of New Jersey |
| U.S. Department of Justice | |

---

[3] Should the adjournment request be granted, the Government respectfully requests that the Defendants' pending due process motions be held in abeyance.