

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street*  *973-645-2700*
*Newark, New Jersey 07102*

October 23, 2024

VIA CM/ECF

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Federal Courthouse
Newark, New Jersey 07102

      Re:    United States v. Gordon Coburn and Steven Schwartz
                 Crim. No. 19-120 (MEF)

Dear Judge Farbiarz:

    The Government respectfully submits this letter to request that the Court implement a pretrial procedure to identify and, if needed, address any disputes related to third-party Cognizant's corporate privilege that may arise at trial.

    The Government submits that the procedure outlined below (or a similar procedure) would promote greater efficiency at trial by providing an opportunity for the Court, the parties, and Cognizant to discuss any anticipated privilege issues and clarify rules regarding such issues prior to trial, with the goal of minimizing any disputes and preventing lengthy, midtrial delays should unresolved privilege issues arise.

    The Government has discussed the below-described procedure with Cognizant and Defendants. Cognizant does not object to the proposed procedure. Defendants object to the proposed procedure and have indicated they intend to file a written opposition.

I.    <u>Background</u>

    The scope of Cognizant's privilege and the extent of any waivers of attorney-client privilege and/or work product protection by Cognizant have been discussed and litigated extensively in this case, largely between Defendants and Cognizant without the Government's involvement. *See, e.g.*, ECF Nos. 263, 264, 319, 339, 380, 429, 461,

468, 505. Given the lengthy litigation on privilege, including oral rulings made at multiple hearings, and the potential defenses (some of which have already been previewed through motions *in limine*), the Government anticipates that issues of privilege – including potential objections from Cognizant – may arise during trial.[1] In order to streamline the presentation of evidence at trial and avoid delays, the Government proposes the below-described pretrial procedure for identifying and addressing any issues that may arise from the interaction of Cognizant's privilege with anticipated evidence or argument.

This exercise would not be merely hypothetical. At least three examples of potential trial issues involving Cognizant's privilege have arisen during pretrial proceedings and are likely to arise again at trial.

First, Defendants asked numerous questions of witnesses at the April 2023 *Garrity* hearing that prompted various objections from Cognizant's counsel, some of which were sustained by the Court.[2] *See, e.g.*, April 18 & 19, 2023 Hr'g Tr. at 184, 238, 260, 263, 279, 282 (sustaining Cognizant's objection to questioning of its outside counsel regarding "thought processes among counsel"), 302 (same), 307 (sustaining Cognizant's objection to questioning of its outside counsel regarding why counsel asked certain questions of Defendant Schwartz), 309, 311, 318, 339, 342, 347, 351, 354, 368, 379, 386, 388, 405. Defendants also suggested during the hearing that Cognizant could have withheld exculpatory materials from the Government by claiming privilege over such materials. *See, e.g.*, April 18, 2023 Hr'g Tr. at 233. Subsequent to the *Garrity* hearing, Defendants have indicated they may seek to highlight alleged deficiencies in Cognizant's internal investigation at trial. *See* ECF No. 508 at 48–56. The Court has ruled that Defendants may ask questions on cross-examination concerning such alleged deficiencies and may seek a ruling on the admissibility of extrinsic evidence on this topic, ECF No. 665, which could conceivably prompt objections from Cognizant on privilege grounds.

Second, Defendant Schwartz, Cognizant's former Chief Legal and Corporate Affairs Officer, could seek to offer his supposed support for Cognizant's internal

---

[1] The Government does not intend to assert privilege objections on Cognizant's behalf.

[2] During the hearing, counsel for Cognizant was seated in the jury box and permitted to object from there. Although the Government hopes that all issues regarding Cognizant's privilege will be resolved ahead of trial, counsel for Cognizant may still wish to make objections during trial to protect its privilege, and at a minimum, it would be productive to discuss the courtroom logistics of any such objections ahead of trial.

investigation as evidence that he did not participate in the charged bribery scheme.[3] To support this argument, Defendant Schwartz could testify on his own behalf, or seek testimony from other witnesses, about meetings and phone calls he had with in-house counsel, the contents of which Cognizant may assert remain under privilege. Similarly, the Government expects to call an attorney from DLA Piper, former counsel for Cognizant, to testify at trial. Counsel for Defendant Schwartz may seek to elicit certain information from this DLA Piper witness regarding Defendant Schwartz's purported reporting up of information during Cognizant's internal investigation. *See* April 18 & 19, 2023 Hr'g Tr. at 347 (sustaining Cognizant's objection to Defendant Schwartz's counsel asking a DLA Piper witness whether Schwartz's purported reporting up of information during the investigation was regarded as exculpatory).

Third, the Court has ruled that Defendants may seek to elicit testimony, through witnesses who are already testifying, regarding "the frequency with which Mr. Coburn consulted with Mr. Schwartz on challenging issues or issues involving ethics or compliance" and "Mr. Schwartz's reputation within Cognizant, as understood by Mr. Coburn." ECF No. 708 at 4. It is conceivable that any such questioning by Defendants could prompt objections from Cognizant on privilege grounds given the intersection of ethics and compliance issues with legal advice. And if Defendants are permitted to elicit testimony about the details of such ethics or compliance issues, the Government should be entitled to review – sufficiently in advance of trial – additional details of such issues, which Cognizant could conceivably challenge on privilege grounds.

Finally, the Government anticipates calling several witnesses at trial whose testimony could touch upon issues of Cognizant's privilege. Those witnesses include (1) a DLA Piper attorney who formerly served as outside counsel to Cognizant, (2) the former Chief Compliance Officer of Cognizant, and (3) the former head of internal audit at Cognizant. Given the issues noted above and the theories of defense that Defendants have already previewed for the Court, cross-examination of these witnesses could implicate Cognizant's privilege.

If either Defendant were to pursue avenues of cross-examination or argument or testify in his own defense regarding areas over which Cognizant has maintained the corporate privilege, the conflict would ripen at trial in a way that may cause delays or substantially prejudice the Government. For example, for obvious reasons, it will be very difficult for Cognizant as a non-party to seamlessly assert its own privilege at a trial without causing disruption and interruption. In addition, if the Court determines that Cognizant's corporate privilege must yield to Defendants' rights under the Fifth and Sixth Amendments to present a defense, the Government

---

[3] The Court has reserved its ruling on whether Defendant Schwartz may present evidence relating to his support for Cognizant's internal investigation. ECF No. 708 at 5.

3

would be entitled to interview witnesses or review documents regarding previously protected topics, which would be impossible if the issue arises midtrial.

Preliminary rulings about how a defendant's proffer of certain materials or testimony would pierce the corporate privilege and what remedy would address any unfairness to the Government will help to streamline issues at trial and would not impinge on Defendants' constitutional rights. Instead, such rulings would provide Defendants with full awareness of the appropriate consequences for proceeding with particular trial strategies.[4] *Cf. United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (upholding the court's decision to make pretrial rulings on the impact certain evidence and arguments would have on privilege assertions because "[t]he trial court's ruling left the defendant free to testify without getting into his state of mind, but correctly held that if he asserted his good faith, the jury would be entitled to know the basis of his understanding that his actions were legal."); *see also id.* at 1302 (Lumbard, J., concurring) (concurring that pretrial rulings on privilege which impacted the defense presented at trial did not deny the defendant a fair trial). And it would permit the Government and Cognizant to weigh in on these important issues in advance of trial.

## II. Proposed Procedure

To mitigate the risks outlined above, the Government respectfully requests that the Court take the following measures:

- By **October 30, 2024**, counsel for Cognizant will submit a letter to the Court summarizing the Court's prior rulings concerning the remaining scope of Cognizant's corporate privilege.

- By **November 27, 2024**, Defendants may submit a letter to the Court setting out their response (if any) to Cognizant's summary of the current state of the privilege rulings.

- The Court may then adjudicate any dispute regarding the prior rulings on the scope of Cognizant's privilege and clarify, if needed, the boundaries of permissible evidence and argument at trial, including, if necessary, a

---

[4] There is recent precedent for undertaking pretrial procedures similar to the ones proposed here. In *United States v. Lopez et al.*, No. 15-CR-252 (PKC) (E.D.N.Y. 2023), the court set forth several ground rules regarding permissible argument and evidence vis-à-vis the corporate privilege held by the defendants' former employer and instructed the parties that it would be "policing very carefully then any further suggestions that butt up against what I think is a prohibited argument" at trial. *Lopez*, No. 15-CR-252 (PKC), ECF No. 1879 at 40. At trial in *Lopez*, when counsel for one of the defendants questioned a witness about a conversation within the corporate privilege, the court struck the testimony. *Lopez*, March 1, 2023 Trial Tr. at 6773–74.

- mechanism for Cognizant as a non-party to address potential privilege disputes that arise during trial.

- If, after such clarification by the Court, Defendants intend to introduce any potential arguments or evidence at trial that arguably implicate the scope of Cognizant's privilege, they must identify such arguments or evidence to the Court by **January 10, 2025**, and explain why they are admissible. To the extent such a submission reflects Defendants' trial strategy, this submission may be filed *ex parte* and provided to the Government and Cognizant in redacted form (so long as it is released in unredacted form to the Government during trial once the need for the *ex parte* filing/redactions abates). Any such arguments or evidence that are not raised at this time would be precluded.

- The Court may then rule pretrial on whether the intended arguments and/or evidence are consistent with Cognizant's privilege and appropriate to advance at trial and provide the Government an opportunity to investigate such matters.

- Cognizant and the Government will be ready to file additional submissions as requested by the Court.

III. Conclusion

The Government respectfully requests that the Court implement the proposed procedure so that it may make a pretrial determination regarding any likely conflicts between Cognizant's corporate privilege and any evidence or argument introduced by Defendants at trial.

                                                            Respectfully submitted,

GLENN S. LEON                                               PHILIP R. SELLINGER
Chief                                                       United States Attorney

*/s/ Keith D. Edelman*
*/s/ Connor Mullin*                                         */s/ Rachelle M. Navarro*
*/s/ Paul G. Ream*
_____                                 _____
KEITH D. EDELMAN
CONNOR MULLIN                                               RACHELLE M. NAVARRO
PAUL G. REAM                                                Assistant U.S. Attorney
Fraud Section, Criminal Division                            District of New Jersey
U.S. Department of Justice