**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     v.<br><br>GORDON J. COBURN and STEVEN SCHWARTZ,<br><br>          *Defendants*. | No. 19-cr-00120 (MEF)<br><br>**ORDER** |

The United States has moved to bar certain evidence regarding Steven Schwartz's 2016 support for an internal investigation, see ECF 501 at 28, and the parties have indicated in their letter of February 21 that a ruling on this part of the motion is needed.  See ECF 847 at 2.

The motion is, in relevant part, granted.

At the hearing of May 10, the United States made certain representations as to evidence it will not put on and arguments it will not make.  See ECF 708 at 5.

In light of those representations, any 2016 "support" evidence has no bona fide relevance to this case under Rule 401.

And any marginal relevance it might have is strongly outweighed by various Rule 403 factors.

For example, putting on such evidence would all-but surely require trial testimony as to what public company GCs are expected to do in situations like this --- to provide a baseline context against which to evaluate Schwartz's asserted support.  Was there any real choice for him but to give it?  Was the support out of the ordinary in some way?

And to cite another example: putting on support evidence would all-but certainly require a confusing and collateral reconstruction about where the investigation stood at a given moment, whether where it stood could or could not plausibly lead back to the alleged 2014 events, etc.

All of this is, among other things, a confusing waste of time on

a wholly collateral issue.

IT IS on this 26th day of February, 2025, so **ORDERED**.

                                              _____
                                              Michael E. Farbiarz, U.S.D.J.