**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

UNITED STATES OF AMERICA,

v.

GORDON J. COBURN and
STEVEN SCHWARTZ,

Defendants.

_____

    :
    :
    :    **Crim. No. 19-120 (MEF)**
    :
    :
    :
    :    **ORDER FOR RAISING DISPUTES**
    :    **CONCERNING PRIVILEGE**
    :    **(AMENDED)**
    :

The parties having filed letters concerning the manner by which they may seek to raise disputes concerning third-party Cognizant Technology Solution Corporation's ("Cognizant") corporate privilege that might arise at trial, *see, e.g.,* D.E. 777, 778, 782, 783, 785;

and the District Court having discussed the issue with counsel for the parties and Cognizant during a conference on February 20, 2025, during which the District Court delineated the process by which the parties will raise, and the Court will address, any such issues, as well as any similar disputes involving L&T Construction Company and Debevoise & Plimpton LLP;

and the Undersigned having held a conference with counsel for the parties and Cognizant on February 24, 2025 to further address that process;

and for the reasons set forth on the record on February 20, 2025 and February 24, 2025;

and for good cause shown;

IT IS on this 12th day of March 2025,

ORDERED as follows:

1.    If a party reasonably anticipates that on the next trial day, it will reference or seek to introduce a document or elicit testimony that is arguably privileged (the "Introducing Party"), it will first meet and confer with the stakeholder of the potentially privileged material

or information (the "Stakeholder") to inform the Stakeholder of its intention and to determine whether the Stakeholder claims privilege. If the Stakeholder claims privilege over the material, the Stakeholder and Introducing Party will meet and confer in an effort to resolve the dispute without Court intervention.

2.      If the Stakeholder and the Introducing Party are unable to resolve the issue informally, the Stakeholder and Introducing Party must notify the Undersigned, **not later than 12:00 p.m. on the day before** the Introducing Party intends to introduce the information or material at issue, of the following:[1]

    a.      The specific information or document at issue. If a document is at issue, the Stakeholder must provide that document to the Undersigned and cite the specific portion of the document for which it claims privilege.[2]

    b.      The parties' respective positions on whether the information or material is privileged. If any party relies on a prior decision of this Court in this matter, that party must cite the specific ruling and page reference for the Court decision. Each party shall be limited to one page per dispute.

3.      The Introducing Party and the Stakeholder are not required to provide the information in paragraph 2, above, to any party that is not privy to the dispute. If, for example, the dispute is between Cognizant as the Stakeholder, and either or both of the Defendants as the Introducing Party, neither Cognizant nor the Defendants are required to copy the Government on the privilege-dispute submission to the Court.

4.      To preserve any claim of privilege while also minimizing any potential disruption to the orderly and efficient completion of trial, the parties shall make any such submission in paragraph 2, above, via njdnef_hammer@njd.uscourts.gov. Nothing in this Order exempts the parties from their obligation to also file materials on the docket as appropriate.

5.      Once the Stakeholder and the Introducing Party have made the submission set forth above in paragraph 2, they shall make no further submissions concerning that dispute. The Court will then arrange with counsel for the Stakeholder and Interested Party to conduct a conference to resolve the dispute.

---

[1] In addition to the submission set forth above, counsel for the Stakeholder and Introducing Party must contact the Undersigned by 12:00 p.m. the day before introduction of the material, to inform the Undersigned that they have submitted the dispute to njdnef_hammer@njd.uscourts.gov.

[2] To preserve any privilege, the Stakeholder shall separately send the document to the Undersigned at njdnef_hammer@njd.uscourts.gov simultaneously with the submission of the parties' respective positions, and is not required to copy the Introducing Party on the material for which it claims privilege.

6.    Absent further Order of the Court, any appeal of a ruling by the Undersigned to District Judge Farbiarz shall be made verbally to His Honor, not later than **8:45 a.m. the day after** the Undersigned's ruling on that issue.

SO ORDERED.

**<u>Michael A. Hammer</u>**
**United States Magistrate Judge**